STATE OF TENNESSEE ex rel. ROBERT E. MARTIN

*v.*

CITY OF MEMPHIS, Mayor Henry Loeb, Fire Director Frank Holloman, Fire Chief Edward A. Hamilton.

452 S.W.2d 346.

(*Jackson,* April Term, 1969.)

Opinion filed February 16, 1970.

Petition to Rehear Denied April 6, 1970.

William B. Ingram, Jr., Memphis, for appellant.

James M. Manire and E. Brady Bartusch, Memphis, for appellees.

Mr. Justice McCanless delivered the opinion of the Court.

As relator, Robert E. Martin, a discharged Fire Private of the Memphis Fire Department, brought suit for mandamus against the City of Memphis and against its

Mayor, Henry C. Loeb, its Director of Fire and Police, Frank Holloman, and its Chief of Fire Department, Edward A. Hamilton. The relator alleged that he was employed by the City on July 18, 1966, as a Fire Private, a position classified and graded under the Civil Service Law of the City, and that he "had performed his duties diligently, honorably, and respectfully" but that he was on July 3, 1968, "summarily, arbitrarily, and unlawfully dismissed" by the defendant, Hamilton. The bill averred further that defendant by discharging him violated the provisions of the Charter of the City of Memphis, which affords civil service protection to certain classes of the City's employees, including the relator, that he had been denied a hearing before the Civil Service Commission and that he had been deprived of annual leave, military leave, retirement credit, and group insurance to which he was entitled. The bill prayed that an alternative writ of mandamus issue requiring the defendants to restore the relator to his former position, correct his personnel records so as to show that he had not been dismissed or removed from his position but was in good standing, that he be given fifty-eight days leave with pay, that he be maintained as a member of the City's group insurance plan, that the defendants be required to refrain from harassing or taking punitive action against him, and that upon the failure of the defendants to show cause or upon the issues being decided against them at the hearing, the peremptory writ of mandamus issue.

The alternative writ issued in accordance with the prayers of the bill and the defendants filed their joint sworn answer by which they admitted the employment and the discharge of the relator but averred that because

he had been employed for less than two full years when he was dismissed his status was that of a probationary employee. The defendants admitted that the relator had not been given a hearing before the Civil Service Commission but denied that he had never given the defendants just cause to dismiss him and that he had performed his duties diligently, honorably, and respectfully. They averred, on the contrary, that he had continually used obscene and abusive language, had failed to report for work on numerous occasions, had failed and refused to acquire and retain information concerning his duties, had caused dissention among his fellow firemen and had been generally contentious to his superior officers; that these acts constituted conduct unbecoming a member of the Memphis Fire Department as well as demonstrating the relator's inaptitude to meet the responsibilities of a Private in the Department; and that he had been informed of the reasons for his dismissal but that he had not been entitled to a formal hearing. The defendants denied the averments of Section XIII of the bill which are those by which the relator seeks to establish his entitlement to fifty-eight days of leave.

After the defendants had filed their answer, the complainant took the deposition of the defendant, Hamilton, and of Captain R. B. Gardner. The defendants then filed a motion to dismiss the bill, and the complainant answered that motion and moved that the peremptory writ of mandamus issue.

At the hearing of the defendants' motion to dismiss the complainant's bill the Chancellor also heard the complainant's motion for the peremptory writ of mandamus, and at this hearing the Chancellor properly could

consider all the ordinances, including the Civil Service Regulations, that the defendants had exhibited with their answer. The effect was a hearing on bill and answer, all well pleaded allegations of the answer being treated as proved and as true. *State ex rel. Wellford v. Williams,* 110 Tenn. 549, 75 S.W. 948.

■ With regard to the relator's insistence that he has the right to require the defendants to give him fifty-eight days leave with pay we hold that this claim may not be successfully asserted in this, a mandamus suit. Our Court has said:

"Mandamus is a summary remedy, extraordinary in its nature, and to be applied only when a right has been clearly established, so that there remains only a positive ministerial duty to be performed, and it will not lie when the necessity or propriety of acting is a matter of discretion.

\* \* \* \* \* \*

"Here 'the justness and correctness of complainant's demand' is not admitted, but denied. This distinction is vital and determinative." *Peerless Const. Co. v. Bass,* 158 Tenn. 518, 14 S.W.2d 732.

The right of the relator to the other relief he claims must depend on, and be subordinate to, his right to reinstatement in the Memphis Fire Department.

Chapter 129 of the Private Acts of 1949 is a part of the Charter of Memphis and provides for a system of civil service for enumerated classes of City employees. By Section 8 it authorizes a director or directors of personnel, among other things, to recommend to the Board of Commissioners rules and regulations governing

probationary periods of employment. Section 5 vests in the Mayor and Board of Commissioners full authority to pass such "ordinances that may become necessary to carry out the provisions and purposes of this Act."

By their answer the defendants averred that the Mayor and Board of Commissioners by ordinance had adopted rules and regulations governing the Civil Service of the City of Memphis in which Section 8.02 (a) is included.

"An employee in the City Government who has not passed the six months probationary period and any officer under the Fire and Police Department who has not passed the two year probationary period may be dismissed if such employee has not shown sufficient aptitude to continue on his position. Such dismissal can be made without a formal hearing except that an explanation shall be given to the employee for reason of dismissal."

We are of opinion that the portions of the Civil Service Rules and Regulations which are pertinent to a decision of this case are within the authority conferred on the Mayor and Board of Commissioners by the Charter of the City of Memphis and that when the relator was discharged he had not completed his probationary period of employment; and he had not attained the status of an employee in the classified civil service.

When the relator was dismissed he asked to be given in writing the reasons for his dismissal and when this request was refused he demanded a hearing before the Civil Service Commission and this request was also refused. As a probationary employee he was entitled to neither. He was given the reason for his dismissal and he had the right to nothing more.

The purpose and the effect of provisions for probationary periods of employment are set forth in Law of Civil Service, Kaplan. Chapter VI, Personnel Agencies —Powers and Functions, Section 39, page 181, in which the author discusses the reasons for probationary employment, as follows:

"Recognizing shortcomings inherent in any system of determining relative excellence of candidates on a competitive test basis, civil service laws usually provide for a working test period,—a probationary period of employment. It applies also to preference appointees, such as war veterans. It is applicable to private industry employees taken into the city service. Those 'covered in' by statute are sometimes subject to the probationary period of service. It is designed primarily to give an appointing authority an opportunity to observe and evaluate the capacity of the appointee and his ability to perform the assigned duties satisfactorily. It is deemed to be part of an examination process in which the appointing authority participates in supplementing the formalized examinations conducted by the personnel agency. Experience has shown that occasionally a candidate who has done exceptionally well in the civil service examination, even those whose education and experience would normally indicate potential capacity to perform satisfactorily the duties of the position, are found wanting during the probationary period. For one reason or another they prove unsatisfactory for the particular assignment and fail to measure up to expectations. To assure that unsuitable appointees or misfits should not attain permanent status (after which restrictions against summary dismissal would become operative, to the em-

barrassment of the appointing officer and the appointee), the working test period provides a more acceptable and graceful means of terminating the employment of an unsatisfactory appointee. Invariably the law permits separating the employee from the service at the pleasure of the department head. In such cases he need not give any reasons for terminating the probationer's employment.''

██ We are of opinion and hold that the relator as a probationary Fire Private had not attained membership in the classified service in the Civil Service of the City of Memphis and that he was not entitled to the privilege of such membership.

We have considered all the complainant's assignments of error—nineteen in number—and find them to be without merit and have concluded that the Chancellor reached the correct result in dismissing the complainant's bill. A decree will be entered accordingly with the costs adjudged against the relator.

Dyer, Chief Justice, Creson, Justice, Jenkins and Bozeman, Special Justices, concur.

### Opinion on Petition to Rehear

The relator has filed an earnest petition to rehear which we have carefully considered. When we considered this case and prepared our opinion we did not overlook the grounds on which the relator has relied in his petition; but we did not and do not regard them as being determinative of the case.

We find it necessary to overrule the petition to rehear.

Dyer, Chief Justice, Creson, Justice, Jenkins and Bozeman, Special Justices, concur.