STATE OF TENNESSEE on the relations of JUANITA SPENCE, Complainant-Appellee, v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY et al., Defendants-Appellants.—469 S.W.2d 777.

Middle Section. January 8, 1971.

Certiorari Denied By Supreme Court May 3, 1971.

Joe M. Ragland, Dept. of Law, Metropolitan Government of Nashville and Davidson County, Nashville, for defendants-appellants.

Seymour Samuels, Jr., Farris, Evans & Evans, Nashville, for complainant-appellee.

## I.

## THE CASE

SHRIVER, P.J. (M.S.). This is an appeal by the defendants from a final decree of Part II of the Chan-

cery Court at Nashville, granting a peremptory writ of mandamus directing the Metropolitan Government of Nashville and Davidson County, the Mayor and the other named defendants to reinstate complainant, Juanita Spence, in her position as Senior Clerk in the classified service of the Metropolitan Government of Nashville and Davidson County, and to restore to her all employee benefits and pension rights to which she would have been entitled had she not been dismissed. The decree also awards judgment against the Metropolitan Government for her loss of earnings from October 15, 1969 to the date of her reinstatement. The interlocutory injunction previously issued, enjoining the Civil Service Commission from hearing or acting on her pending appeal, was made permanent.

## II.

### ASSIGNMENT OF ERROR

Defendants-appellants have filed four assignments of error, as follows:

"I. The Court erred in issuing a peremptory writ of mandamus and an interlocutory injunction prohibiting the Civil Service Commission from taking further action on complainant's appeal contrary to Tennessee Code Annotated sec. 27-914 which provides that judicial review of proceedings before a municipal or county official or board affecting the Civil Service status of a municipal or county employee is restricted to common law certiorari.

II. The Court erred in issuing a peremptory writ of mandamus and an interlocutory injunction since any

action by the Court would be improper where complainant failed to exhaust her administrative remedy prescribed by the Rules and Regulations of the Civil Service Commission which require review of disciplinary actions by a Department Head before the Civil Service Commission.

III. The Court erred in holding that a Department Head of the Metropolitan Government failed to follow the procedures established by Chapter 9, Section 6 of the Rules and Regulations of the Civil Service Commission by refusing to grant complainant a hearing prior to dismissing her from the classified service.

IV. The Court erred in refusing to admit testimony relating to the alleged delay by the Civil Service Commission in granting complainant a prompt hearing on the grounds that such testimony constituted an offer of compromise and was therefore, inadmissible."

## III.

## THE PLEADINGS

The bill of complainant entitled a "Bill for a Mandamus", filed March 25, 1970, avers that complainant, Juanita Spence, was an employee of the former City of Nashville and its successor, The Metropolitan Government of Nashville and Davidson County, hereinafter referred to as the Metro Government; that her employment was continuous from December 7, 1954 until she was discharged from classified service on October 10, 1969, at which time she held a Civil Service position of Senior Clerk at a monthly salary of $450.00.

The bill describes the several defendants, including W. D. Lamb, Director of Public Works of the Metro Government, and refers to various sections of the Metropolitan Charter which are pertinent to the questions involved here. Complainant avers that she was notified of her dismissal verbally on or about October 10, 1969 and received in the mail two change of status forms which indicated that her dismissal was effective October 10, 1969, said forms being filed as exhibits to the bill.

It is alleged that on October 18, 1969, complainant filed with the Civil Service Commission of the Metro Government a request for a review of her dismissal, after which defendant, W. D. Lamb, wrote a letter to her dated October 21, 1969, Exhibit "F" to the bill, wherein he referred to complainant's dismissal as being effective October 24, 1969 and advised her of her rights to a prompt departmental hearing, pursuant to Section 6 of Chapter 9 of the Rules of the Civil Service Commission.

It is averred that, under date of November 12, 1969, complainant received another letter from defendant Lamb, Exhibit "G" to the bill, wherein he referred to his conversation and meeting with complainant as a hearing accorded her under the provisions of the Civil Service Commission Rules.

The bill refers to several notices from the Civil Service Commission concerning a hearing on her appeal, which notices are made exhibits to the bill, and she charges that, by reason of the failure of defendant Lamb to file charges with the Commission and the failure of the Commission to promptly hear her appeal, she was denied relief to which she was entitled under the Metro Charter

and, therefore, had exhausted her administrative remedies and was entitled to the relief prayed.

The prayers of the bill are: (1) for an alternative writ of mandamus, requiring defendants to reinstate complainant in her position as Senior Clerk in the classified service of the Metro Government; and (2) that she be given a decree against the Metro Government for a sum of money sufficient to reimburse her for the salary she had lost by her improper dismissal.

An Amended and Supplemental Bill for Mandamus was filed April 3, 1970 in which it is alleged that, on March 24, 1970, the day on which complainant swore to her original bill before the Clerk and Master, the defendant Commission deferred a hearing on complainant's appeal indefinitely and that, on March 31, 1970, six days after the filing of her bill, she received in the mail a copy of the charges against her filed with the Civil Service Commission.

Thereafter, on May 7, 1970, complainant filed an Amendment to her Amended and Supplemental Bill in which she avers that the filing of the charges against her with the Civil Service Commission was an effort to circumvent and avoid a hearing in the Chancery Court on her bill for mandamus, and she prays that the Civil Service Commission be enjoined from hearing or acting on the appeal and that, after a hearing by the Court, a peremptory writ of mandamus issue.

By fiat of Chancellor Alfred T. Adams, the injunction was issued as prayed.

On motion of complainant, certain parts of the Answer of defendants was stricken, following which an Amended Answer was filed wherein the action of the Civil Service Commission in deferring a hearing on complainant's appeal to said Commission are set forth, and further averring that said Civil Service Commission, under the provisions of the Constitution of Tennessee and the Charter of the Metropolitan Government of Nashville and Davidson County, should be permitted by the Court to hear fully the administrative matter of the dismissal of Juanita Spence, but which hearing previously had been enjoined by the Court.

The Answer recites:

"The Metropolitan Civil Service Commission is prepared to set this matter for hearing as soon as this Honorable Court will allow."

It is further averred that Juanita Spence was notified by letter of October 21, 1969 of her dismissal, effective October 24, 1969, and the reasons for her dismissal set out; that the Civil Service Commission set the meeting for hearing on April 14, 1970 after the filing of formal charges by W. D. Lamb, Director of Public Works, and that the Commission stood ready to again set the matter for hearing if permitted to do so by the removal of the temporary injunction.

Other material allegations of the bill are denied.

Attached to the Answer as an exhibit is a copy of the charges against Juanita Spence, filed with the Civil Service Commission, wherein Chapter 9, Sections 1 and

2, Employee Conduct, are set forth. Also, Chapter 6, Section 6, is quoted, following which specifications are set out in detail of the charges of misconduct and violation of Civil Service Rules and Regulations of Metro Government by Miss Spence which are the basis of the action of the Director of Public Works in dismissing complainant.

## IV.

## THE FACTS

In addition to the facts as contained in the Original Bill and the Answer, most of which are not in dispute, some additional facts and circumstances need to be related.

When it is said that most of the pertinent facts are not in dispute, it is not intended to say that the charges as filed with the Civil Service Commission are either true or not true.

On the other hand, the fact of the dismissal of complainant and the proceedings that followed seem to be undisputed except the single question as to whether her dismissal was on October 10 or October 24.

In this connection, it seems clear that Miss Spence was notified that she was to be dismissed and the Change of Status forms that were sent her indicated the dismissal was effective October 10, 1969. However, it is shown in the proof that when it became known that her employee insurance and other matters were involved, the dismissal date was moved up to October 24, 1969.

On one of the Change of Status forms received by complainant, the following typewritten statement is made:

"Employee dismissed in accordance with Civil Service Rules and Regulations in Chapter 9, Section 6.

Unreasonable Absenteeism, Discourteous treatment of fellow employees, failure of good behavior which reflects discredit upon herself."

On October 18, 1969, apparently in the handwriting of complainant, appears the following:

"The Honorable Metropolitan Civil Serv. Comm.
Mr. Joe Huggins, Dir. of Civil Service
3rd Ave. North, Public Square

Dear Sir:

I please wish to have a hearing at your next meeting because Mr. W. D. Lamb, Jr. Dir. of Public Works has discharged me from service as of Oct. 24, 1969 after 15 years of service.

Thanks very much.

(Miss) Juanita Spence
2200 Natchez Trace
Nashville, Tenn.
37212"

Thereafter, on October 21, 1969, she received the following letter:

"Miss Juanita Spence
2200 Natchez Trace
Nashville, Tennessee

Re: Dismissal—Appeal

Dear Miss Spence:

You have been notified that effective October 24, 1969, you are dismissed for excessive absenteeism, discourteous treatment of your fellow employees and misconduct unbecoming a Public Works employee.

I have been advised that you have written a letter to the Civil Service Commission appealing your dismissal, however, I wish to call your attention to the enclosed Chapter 9, Section 6 of the Civil Service Rules and Regulations. Also enclosed is a copy of the Grievance Panel members for your information.

If it is your desire to appeal your dismissal, please advise me of a convenient date with you in order that we may schedule a hearing between you and I.

The attached copies are advising you of your rights and procedures in processing your appeal.

Very Truly yours,
/s/ Wm. D. Lamb

WDL/bf William D. Lamb, Director
Department of Public Works

Attachments

CC: Mr. Howard Anderson
    Mr. Joe L. Huggins''

On November 12, 1969, she received the following letter:

"Miss Juanita Spence
2200 Natchez Trace
Nashville, Tennessee

Dear Miss Spence:

You have been notified of your dismissal from the Metropolitan Department of Public Works, both verbally and by the receipt of a status form, which stated the reasons, effective at the end of the working day, October 24, 1969. This notification was further confirmed by a letter from the Director to you dated October 21, 1969, with attachments of the Civil Service Rules and Regulations with regard to your rights of appeal and for a hearing.

After your receipt of this letter you contacted the Director and received a hearing which was held on Tuesday, October 28th, at 11:30 A.M. in the Conference Room of the Engineering Building.

You had been advised in the letter of October 21, 1969 of your rights to be accompanied by a representative at this hearing, however, at your own choosing, you attended the hearing without a representative, as did the Director. At this hearing, as you know, you were given a full opportunity to set forth any facts

that you desired to present to me and I discussed with you in more specific terms the reasons for your termination, particularly in regard to the discourteous treatment of fellow employees and other reasons as set out in my letter of October 21, 1969.

In view of all the facts which have been submitted to me and the information before me, I feel compelled to regretfully terminate your services with this department for violation of Chapter 9, Section 1, and Chapter 9, Section 6. As you were advised in my letter to you on October 21, 1969, you have a right to appeal this dismissal to the Civil Service Commission in accordance with Chapter 9, Section 11, of the Civil Service Rules and Regulations.

I believe at the hearing you advised me that you had already submitted an appeal to the Civil Service Commission, therefore, the time limit does not become a factor.

Your truly,

/s/ Wm. D. Lamb

WDL/bf William D. Lamb, Director
Department of Public Works

CC: Mr. Joe L. Huggins''

Exhibit No. 14, entitled ''Metropolitan Department of Public Works—Memorandum—Date: 10-28-69'', recites:

''The hearing was held in the Conference Room at the Engineering Building, at the request of Miss Spence, at 11:30 A.M. on 10-28-69.''

The proceedings at the hearing are recounted in said Memorandum which is signed "Wm. D. Lamb".

Thereafter, she was notified by a communication from the Director of Personnel, Joe L. Huggins, that the Civil Service Commission would meet in the Council Chamber at the Metropolitan Courthouse on Tuesday, November 25, 1969, at 9:00 A.M. to consider the appeal of her dismissal and her presence was requested.

Again, on January 16, 1970, she was sent an excerpt from the Minutes of the meeting of the Civil Service Commission held on January 13, 1970, said excerpt being:

"On the Juanita Spence appeal for hearing (concerning dismissal from Public Works Department) the charges are being prepared and hearing will be set after charges have been sent."

Under date of January 29th, she received from Mr. Huggins another excerpt from the Minutes of the Commission as follows:

"The Commission deferred action on appeal of Miss Juanita Spence, Public Works Department—concerning dismissal from that department."

On February 12th, still another communication with an excerpt from the Minutes, as follows:

"On appeal of Miss Juanita Spence (Public Works) the Commission directed Legal Department to prepare charges so that the Commission can set date for hearing."

Again, on February 26th, another communication was received with an excerpt from the Minutes, as follows:

"On the appeal of Miss Juanita Spence, Public Works Department concerning dismissal, the Commission awaits Mr. W. D. Lamb, Director of Public Works, release of charges on Miss Spence. After Mr. Lamb releases charges the Legal Department can send charges and then set date for hearing."

And again on March 11, 1970, a similar communication with the following excerpt:

"Commission deferred appeal on Miss Juanita Spence, Public Works Department (concerning dismissal)."

The following letter dated March 26, 1970, after an alternative writ of mandamus had been issued and service accepted by a Metro attorney, was received by complainant:

"Miss Juanita Spence
2200 Natchez Trace
Nashville, Tennessee

Dear Miss Spence:

The following is an excerpt from the Minutes of the meeting of the Civil Service Commission held March 24, 1970:

"Commission deferred appeal of Miss Juanita Spence indefinitely. (Public Works Department—concerning dismissal.)'

Sincerely,

/s/ Joe L. Huggins

JLH:mew Joe L. Huggins, Secretary
Civil Service Commission

CC: Mr. Seymour Samuels
18th Floor
Third National Bank Bldg.
Nashville, Tennessee''

A copy of the Minutes of the Civil Service Commission of April 14, 1970 contains, among other things, a notation as follows:

"On the Juanita Spence appeal, Commission deferred pending disposition of injunction in Chancery Court.''

## V.

## FINAL DECREE

After a hearing, Chancellor Adams entered a Final Decree which recites:

"This cause came on to be heard on the 28th day of May, 1970, before the Honorable Alfred T. Adams, Chancellor, holding Part 2 of the Chancery Court at Nashville upon the complainant's original bill for a writ of mandamus as amended, the complainant's amended and supplemental bill for a mandamus, the answer of all the defendants to the complainant's original bill as amended and to her amended and supplemental bill, the oral testimony of witnesses, evidence

introduced in open court, the argument of the solicitors for all parties and the entire record in this cause.

From all of which it appears to the Court that the allegations of the complainant's original bill as amended and the amended and supplemental bill are sustained by the proof in this cause; and that the complainant was not given a hearing prior to her dismissal as an employee of the Metropolitan Government as is required by Section 6 of Chapter 9 of the Rules and Regulations of the Civil Service Commission of the Metropolitan Government and her dismissal was, therefore, illegal; and that the Civil Service Commission of the Metropolitan Government deferred action on hearing the complainant's appeal for an inexcusably unreasonable time; and that the said Civil Service Commission should have sustained her appeal for failure of the disciplinary authority to hold the required departmental hearing and also his failure to prosecute the case by filing charges within a reasonable time; and that, having exhausted her administrative remedies, the complainant is entitled to a writ of mandamus to compel the defendants to reinstate her in her position of Senior Clerk in the classified service of the Metropolitan Government of Nashville and Davidson County in paygrade 17 with a monthly pay rate of $454; and that the complainant is entitled to recover from the defendant, The Metropolitan Government of Nashville and Davidson County, a sum of money equal to her net loss of earnings from October 15, 1969 until the date of her reinstatement on the Metropolitan Government's payroll;''

The decree then orders the issuance of a peremptory writ of mandamus requiring defendants to reinstate complainant and awarding judgment against the Metro Government for a sum equal to her net loss of earnings as a result of her dismissal, and the Master is directed to hear proof to arrive at this sum. The interlocutory injunction previously issued, enjoining the Civil Service Commission from hearing and acting on the pending appeal of complainant, is made permanent and the costs are assessed against the defendant Metro Government.

## VI.

## CHARTER PROVISIONS AND CIVIL SERVICE COMMISSION RULES

Exhibit No. 12, entitled "Metropolitan Government of Nashville and Davidson County—Civil Service Commission Rules and Regulations", contains provisions of the Charter of the Metropolitan Government of Nashville and Davidson County and Civil Service Commission Rules and Regulations which are pertinent to the issues in this case. Among them are provisions as follows:

Under Article 12 — Civil Service — Section 12.03, "Duties", we find the following:

"In addition to other duties herein specified, it shall be the duty of the Civil Service Commission to:

(e) Upon request of an affected employee, review suspensions, demotions or separations from service of any employee in classified service, and to render decisions thereon, subject to its rules."

Under Section 12.05, "Selection and dismissal of Metropolitan employees; limitation on number of positions held", is the following provision:

"No employee in the classified service may be terminated from the service except for cause. Any employee dismissed from the classified service or suspended, by his simple written request to the Commission, shall have the action reviewed by the Commission. If the Commission does not approve the action, it may modify or reverse it, and provide whatever recompense is indicated, which shall not exceed net loss of earnings. In a review by the Commission of any disciplinary action, the disciplinary authority shall bear the burden of proof of just cause for discipline."

Under Section 12.07, "Substantive content of rules of the commission", is the following:

(h) *The disciplinary action within the classified service.* Rules with respect to such action shall provide that when an employee requests a review of disciplinary action taken against him, as provided in Section 12.05 above, such employee shall be furnished a copy of the basis of his discipline not less than fifteen days prior to such hearing, and said rules may provide for the amendment of grounds for discipline upon reasonable notice to the employee.

It shall be mandatory that the rules provide that the judgment and findings of the commission on all questions of fact, in the hearing of charges preferred against any classified employee under the provisions of this article, shall be final and shall be subject to review

only for illegality or want of jurisdiction, excepting only cases where classified employees have been dismissed from the service by judgment of the commission, in which case such dismissed employee may prepare and file the record of the proceedings, including a transcript certified by the chairman of said commission, in the Circuit and Chancery Courts of Davidson County, where the case may be heard de novo solely upon the record so certified; provided, that such transcript must be presented to and signed by the chairman of the commission within thirty (30) days after the commission shall have announced its findings, and provided that an extension of time may be granted for this purpose not to exceed thirty (30) days. Any person, other than a member of the commission, may file and prefer charges against any classified employee.

Rules of the commission when adopted as provided herein shall have the full force and effect of law.''

Under Chapter 9 of the Civil Service Commission Rules and Regulations, Section 1 deals with Employee Conduct. Section 2 is entitled ''Employee Working Relationships'', wherein it is provided:

''When work habits, attitude, production, or personal conduct of an employee falls below a desirable standard, supervisors should point out the deficiency at the time it is observed. Warning in sufficient time for improvement should precede formal disciplinary action, *but nothing in this section shall prevent immediate formal action whenever the interest of Metropolitan Government requires it.*'' [Emphasis supplied]

Section 6 is entitled "Disciplinary Action" and provides that:

"An employee may be disciplined for just cause for such actions as wilful neglect of duty, dishonesty, * * * insubordination, * * * discourteous treatment of the public, * * * conduct below the standard of his department, * * * or any other failure of good behavior which reflects discredit upon himself, his department, and/or the Metropolitan Government."

Then we find this provision:

"*Any employee who has been disciplined as provided for in Sections 8, 9, and 10 is entitled to a prompt hearing by his Department or Division Head, unless the employee specifically waives it in writing.* In such cases, a copy of such waiver shall be forwarded to the Civil Service Commission. [Emphasis supplied]

The purpose of said hearing is to insure that the employee's side of the incident is fully presented. The employee shall be furnished a copy of the basis of his discipline by his Department Head prior to the above mentioned hearing.

* # * # * #

The Department or Division Head shall see that notes of the hearing are kept and the official action taken should be noted and the Civil Service Commission notified. Evidence or proof of the charges need not be presented in evidence at the departmental hearing. Appeal from the decision of the Department or

Division Head shall be de novo before the Civil Service Commission.''

Section 10 is entitled ''Dismissal'' and provides as follows:

''A Department Head may dismiss an employee for just cause, as defined in Section 6 of this Chapter, provided any disciplinary action taken by the Department Head which is reviewable by the Commission must be supported by evidence strong enough to bear the burden of proof of just cause for such disciplinary action.

The employee must be advised in writing of his appeal rights and the procedure to follow if he desires to appeal.''

Section 11, entitled ''Appeal Procedure'', provides that an employee reprimanded, suspended, or dismissed from the classified service may, by his simple written request to the Civil Service Commission have the action reviewed by them. Said request must be made within thirty days after notification by the Department Head of said disciplinary action and it provides also that, after a request for a review by the Civil Service Commission, the employee shall be furnished a copy of the basis of his discipline not less than fifteen days prior to the hearing before the Commission.

It is further provided that the judgment and findings of the Commission on all question of fact shall be final and subject to review only for illegality or want of jurisdiction, except where such employee has been dismissed

by the judgment of the Commission, in which case a transcript shall be certified by the Chairman of the Commission to the Circuit or Chancery Court where the case will be heard de novo "solely upon the record so certified".

## VII.

## OUR CONCLUSIONS

It is insisted by the appellants that Assignment No. 1 should be sustained because complainant's appeal is in violation of 27-914, T.C.A., which provides that judicial review of proceedings before a Municipal or County official or Board affecting the Civil Service status of a Municipal or County employee is restricted to common law certiorari.

While it is true that said statute provides that no court of record shall entertain any proceeding involving the Civil Service status of a County or Municipal employee when such proceeding is in the nature of an appeal from a ruling of a City or County Official or Board which affects the employment status of said employee, "except such proceeding be one of common law certiorari", it has been held by the Appellate Courts of Tennessee that mandamus will lie to compel reinstatement of a Civil Service employee of a City who had been summarily dismissed without any charges being preferred, or any hearing granted, on the theory that the position of said employee had been abolished. State ex rel. Paylor v. City of Knoxville et al., 195.Tenn. 318, 259 S.W.2d 537.

In the instant case, it was found by the Chancellor, that there was an inordinate delay on the part of the Department Head who dismissed complainant in filing with the Civil Service Commission the charges against the employee upon which the dismissal was based.

■ As is seen clearly from the record, there was also, in the words of the Chancellor, an inexcusably unreasonable delay in granting a hearing before the Civil Service Commission of the charges against complainant which delay was occasioned in part by the failure of the Department Head to file charges with the Commission.

It appears that, when this bill was filed, there was no record of any hearing to be reviewed on petition for certiorari. Thus, we are persuaded to believe that the bill for mandamus was properly filed and that it presented a cause of action within the jurisdiction of the Chancery Court.

On the other hand, we cannot agree with the Chancellor's decree wherein it is held, ''That the complainant was not given a hearing prior to her dismissal as an employee of the Metropolitan Government as is required by Section 6 of Chapter 9 of the Rules and Regulations of the Civil Service Commission of the Metropolitan Government, and her dismissal was, therefore, illegal.''

■ An examination of the quoted sections of the Charter and Civil Service Commission Rules hereinabove, does not support the proposition that the disciplinary action taken against the complainant was illegal and void for failure to grant a hearing prior to the action taken.

In Chapter 9, Section 2, it is stated:

"* * * but nothing in this section shall prevent immediate formal action whenever the interest of Metropolitan Government requires it."

And, under Section 6, "Disciplinary Action", it is to be noted that the provision is:

"*Any employee who has been disciplined* as provided for in Sections 8, 9, and 10 is entitled to a prompt hearing by his Department or Division Head, unless the employee specifically waives it in writing." [Emphasis ours]

The foregoing provision seems clearly to imply that a prompt hearing by the Department or Division Head is to be accorded after the disciplinary action is taken so that the employee's side of the incident may be fully presented. And it is to be noted that disciplinary action under the Charter and Commission Rules includes dismissal. (Chap. 9, Sec. 6)

Mr. Charles Griffith, Metro Director of Law, testified that the general practice in the several departments of the Metro Government is to have a hearing after the disciplinary action has been taken respecting classified employees, citing instances in the Police and other departments.

It is also provided that the Department or Division Head shall see that notes of the hearing are kept and the Civil Service Commission notified of the action taken.

In Section 10 it is provided that:

"A Department Head may dismiss an employee for just cause, as defined in Section 6 of this Chapter, provided any disciplinary action taken by the Department Head which is reviewable by the Commission must be supported by evidence strong enough to bear the burden of proof of just cause for such disciplinary action,"

and the employee must be advised in writing of his appeal rights.

The foregoing was complied with but only after an unreasonable lapse of time.

As is seen hereinabove under Section 11, "Appeal Procedure", the provisions are for an appeal to the Civil Service Commission from the action of a Department Head upon a simple request in writing of the employee who has been disciplined.

We, therefore, conclude that, upon the filing of the petition herein, the proper procedure would have been to issue an Alternative Writ of Mandamus requiring the Department Head to promptly file with the Civil Service Commission the charges upon which his action in dismissing the employee was based, with due notice to the dismissed employee of the filing of said charges and the content thereof, and to show cause why a Peremptory Writ should not issue.

However, in the course of the proceedings herein, the charges were filed with the Commission and are made a part of the record herein, hence, at the time of the Final Decree of the Chancellor, there was no necessity for such an order on the Department Head.

Said charges having been filed, we think it was error for the Chancellor to refuse to dissolve the injunction which he had previously granted restraining the Commission from conducting a hearing on the charges against complainant.

The record discloses that, before the Final Decree, the charges had been filed, as hereinabove stated, and counsel for the Commission represented to the Court that the Commission stood ready to conduct the hearing on said charges, provided the Chancellor would dissolve the injunction which restrained them from conducting such hearing.

It is our conclusion that, in view of the inordinate delay in conducting a hearing, which delay occurred before the Chancellor's injunction restraining the Commission from holding a hearing, a peremptory writ of mandamus would have been proper directing the Commission to promptly hear and dispose of the charges against complainant, whereupon, her right to a review would have been by certiorari under the statute.

We call attention to Wallace v. Neal, 191 Tenn. 240, 232 S.W.2d 49, wherein the Opinion by Mr. Chief Justice Neil points out that the Civil Service Act authorizing an appeal to the Civil Service Commission from dismissal of regular Civil Service employees of Nashville created a new right unknown to common law and prescribed an exclusive remedy for all Civil Service employees adversely affected by the rulings of Department Heads. In the Opinion it was said that the Supreme Court must so construe the Civil Service Act as to carry out the purpose for which it was enacted.

In State ex rel. Jones v. City of Nashville et al, 198 Tenn. 280, 379 S.W.2d 267, it was held that Civil Service employees who are laid off must exhaust their administrative remedies before resorting to the Courts for restoration to their positions, unless exhaustion of such remedies would be absolutely futile. It was further said that, the mere fact that administrative authorities would probably deny relief, was to excuse for failure to exhaust administrative remedies before resorting to Courts.

In City of Nashville v. Martin, 156 Tenn. 443, 3 S.W.2d 164, it was said:

"A petition seeking to re-open in the Circuit Court a question of fact, petitioner's guilt or innocence of charges preferred against him before a Civil Service Board do not present a justiciable controversy to that Court, the Act creating the said Board making final its judgment on all questions of fact on the trial of the charges preferred against the petitioner."

In view of the facts and circumstances revealed by this record, we think the Chancellor would have been justified in issuing a peremptory writ of mandamus directing the Civil Service Commission to promptly hear and dispose of the charges filed against the complainant in spite of the fact that some show of willingness to proceed with a hearing was made by counsel for the Commission. But we deem it error to take the case away from the Commission and order a restoration of complainant to her former position without a hearing before the Commission, thus avoiding the regular process by which an employee's rights are exclusively protected,

and relieving her of the necessity to pursue her administrative remedies to a conclusion.

It results that the judgment of the Chancellor is reversed and the injunction heretofore issued is dismissed, but a writ requiring the prompt hearing of complainant's case by the Civil Service Commission of Metropolitan Government of Nashville and Davidson County will issue with instructions to consider reimbursement to complainant for salary lost by her from the date of her dismissal to the time she obtained an injunction restraining the Commission from hearing the case, in as much as the filing of charges appear to have been inexcusably delayed. The cause will be remanded to Part II of the Chancery Court of Davidson County for such future orders as may become necessary and proper in the premises.

The costs of the cause are taxed against Metropolitan Government of Nashville and Davidson County.

Reversed and remanded.

Puryear and Todd, JJ., concur.