Tony Eugene HUDDLESTON,
Plaintiff-Appellee,

v.

CITY OF MURFREESBORO, et al.,
Defendants-Appellants.

Supreme Court of Tennessee,
at Nashville.

June 21, 1982.

Thomas L. Reed, Jr., Murfreesboro, for defendants-appellants.

W. Gary Blackburn, Nashville, for plaintiff-appellee.

## OPINION

BROCK, Justice.

The plaintiff, Huddleston, was employed by the defendant City of Murfreesboro as a fireman on September 1, 1977, in a probationary status but, at the time he was discharged from that position by the City Manager approximately one year later, he had achieved permanent employee status. In September, 1978, the plaintiff was accused by his superiors of being in violation of a regulation of the Firefighters Duty Manual which provided in pertinent part:

"Immoderate hair styles including those which will interfere with the proper wearing of the uniform hat are prohibited."

This controversy involving the length of the plaintiff's hair resulted in his ultimate dismissal from the service by the City Manager. The plaintiff appealed his dismissal to the City Council pursuant to Section 36 of the Charter of the City which provided:

"*Section 36. Right of Person Removed From Office or Dismissed From Employment by City Manager to Appeal to City Council; Reinstatement.*

"That any person removed from office or dismissed from employment by the City Manager may appeal to the City Council at its next regular meeting coming five (5) or more days after such dismissal or removal, and such person shall be entitled to a hearing, and shall have the benefit of counsel upon such hearing, as to the reasons or justifications for his removal or discharge. Upon such appeal and hearing, the City Council may, by a vote of 5 to 2, order the City Manager to reinstate said person in his office or employment; but the decision of the council upon any such appeal shall be final."

A full evidentiary hearing before the City Council resulted in a unanimous decision of the council to sustain the plaintiff's discharge.

The plaintiff appealed from the action of the City Council to the circuit court, seeking a de novo hearing of both fact and law in the circuit court pursuant to the "statutory writ" of certiorari, T.C.A., § 27–802, 27–901 et seq. The circuit judge granted a statutory writ of certiorari and ordered the City to file a transcript of the proceedings had before the City Council and required the City to answer the plaintiff's petition. Additional testimony was taken in the form of depositions and the case was heard de novo by the circuit judge, resulting in a judgment favorable to the City in which the circuit court expressed the opinion:

"It is further the opinion of the court that the petitioner possessed no proprietary right in his employment at the time of his dismissal by the city manager. It is, therefore, irrelevant to the decision of the court as to whether or not the defendant municipality, by a preponderance of the evidence, established 'cause' for the dismissal of petitioner."

This judgment of the circuit court was appealed by the plaintiff to the Court of Appeals which granted relief to plaintiff. That court expressed the opinion that:

"We believe that Section 36 of the Charter of Murfreesboro, a private act, was one of the conditions of the appellant's employment as a fireman. He was protected against unreasonable and unjusti-fied dismissal to the extent that when dismissed he might appeal to the City Council, have the benefit of counsel on such appeal and be reinstated if five councilmen should vote for his reinstatement. In this case the hearing was participated in by counsel representing both parties, a judge presided to rule upon the testimony of the witnesses who were introduced by both parties and who were examined and cross examined. Section 27–802, T.C.A., is applicable. *Case v. Carney,* 213 Tenn. 597, 376 S.W.2d 492 (1964) . . . .

"For the reasons expressed we remand the cause to the circuit court with instructions to proceed and determine the case in accordance with Section 27–911, T.C.A.

"We express no opinion with regard to the merits of the case."

This Court granted discretionary review to determine whether the Court of Appeals erred in directing that upon remand the trial court should determine the case in accordance with T.C.A., § 27–911, which affords a de novo hearing including the introduction of evidence in addition to that introduced in the lower tribunal.

 We are in agreement with the conclusion of the Court of Appeals that the trial court erred in holding that the plaintiff possessed no proprietary right in his employment; Section 36 of the City Charter does afford protection to the plaintiff from unreasonable and unjustified dismissal from employment. However, it is our opinion that judicial review of the determination of the City Council is limited to that of "common law certiorari" afforded by T.C.A., § 27–914, which provides:

"No court of record of this state shall entertain any proceeding involving the civil service status of a county or a municipal employee when such proceeding is in the nature of an appeal from a ruling of city or county official or board which affects the employment status of a county or city employee, except such proceeding be one of common law certiorari. Any such proceeding shall be heard by a judge or chancellor without the interven-

tion of a jury. This section shall supersede and displace provisions of city charters to the contrary."

Accordingly, this cause is remanded to the circuit court for a review of the record certified to it from the City Council, such review to be restricted to that afforded by our law of common law certiorari, that is, the reviewing court should determine from the evidence filed before the lower tribunal whether that tribunal acted arbitrarily, illegally or without material supporting evidence. *Lansden v. Tucker*, 204 Tenn. 388, 321 S.W.2d 795 (1959). The Court of Appeals erred in directing that upon remand the circuit court should determine the case in accordance with T.C.A., § 27–911; T.C.A., § 27–914, dealing specially with the employment status of city and county employees, is the exclusive remedy for judicial review of administrative determinations respecting the employment status of such employees.

Costs incurred in this Court are taxed equally against the plaintiff and the defendants.

HARBISON, C. J., and FONES, COOPER and DROWOTA, JJ., concur.