Larry M. DUNCAN

v.

The CITY OF ONEIDA, TENNESSEE and Mack Burchfield.

No. 3–81–327.

United States District Court, E.D. Tennessee, N.D.

Feb. 14, 1983.

David A. Stuart, Clinton, Tenn., for plaintiff.

Thomas W. Phillips, Oneida, Tenn., for defendant.

## OPINION AS RENDERED FROM THE BENCH

ROBERT L. TAYLOR, Chief Judge.

■ Plaintiff, Larry M. Duncan, brought this action for denial of procedural due process in connection with his termination as a police officer with the City of Oneida, Tennessee. To be entitled to guarantees of the Fourteenth Amendment due process clause, he must show that he had a property interest in continued employment at the time of his termination. The Supreme Court in *Perry v. Sindermann*, an opinion written by Mr. Justice Potter Stewart, defined the necessary interest as follows:

> A person's interest in a benefit is a "property" interest for due process purposes if

there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing.

408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972). Property interests are not created by the Fourteenth Amendment to the Federal Constitution. *Parham v. Hardaway*, 555 F.2d 139 (6th Cir.1977). Rather "property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

■ The State of Tennessee does not grant, by statute or otherwise, a right to continued public employment. *See State ex rel. Martin v. City of Memphis,* 224 Tenn. 180, 452 S.W.2d 346 (Tenn.1970). Likewise, the City of Oneida does not have an ordinance or regulation governing the public service status of its employees. Finally, plaintiff had no written contract of employment with the City. The issue in this case, therefore, as indicated by counsel, is whether the verbal representations by city officials were sufficient to create a "property interest" under Tennessee law.

■ It is clear that City charter provisions and ordinances may give rise to proprietary rights in employment in Tennessee. *Henderson v. Bentley,* 500 F.Supp. 62 (E.D. Tenn.1980); *Huddleston v. City of Murfreesboro,* 635 S.W.2d 694 (Tenn.1982); *State ex rel. Martin v. City of Memphis,* 452 S.W.2d 346. The courts of this State have looked to these provisions in determining whether employees have attained sufficient tenure to be entitled to requested hearings. *See State v. Memphis,* 452 S.W.2d 346. In doing so, they have strictly adhered to the charter provisions and guidelines for employee coverage and administrative and judicial review. *See Id.; see also, State ex rel. Spence v. Metropolitan Government of Nashville,* 63 Tenn.App. 161, 469 S.W.2d 777 (Tenn.Ct.App.1971). These provisions customarily allow dismissal "for cause" or only on findings of specific misconduct. *See Henderson,* 500 F.Supp. at 65. Detailed

notice and hearing requirements also provide boundaries within which the employees may expect protection. *See Id.; Huddleston,* 635 S.W.2d 694. In *Huddleston,* the Tennessee Supreme Court affirmed a Court of Appeals opinion that:

> We believe that Section 36 of the Charter of Murfreesboro, a private act, was one of the conditions of the appellant's employment as a fireman. He was protected against unreasonable and unjustified dismissal to the extent that when dismissed he might appeal to the City Council, have the benefit of counsel on such appeal and be reinstated if five councilmen should vote for his reinstatement.

635 S.W.2d at 695.

█ This Court is not aware of a case where the courts of Tennessee have recognized a proprietary right in employment in the absence of a municipal civil service act or comparable provision. Absent such express authority, this Court does not believe that Tennessee would recognize a proprietary right in public employment.

█ In this case, the alleged oral representations did not grant any claim of entitlement that could be invoked at a hearing, even though the evidence indicates that plaintiff was asked if he wanted a hearing and he had no reply. *See Perry,* 408 U.S. at 601, 92 S.Ct. at 2699. Since plaintiff has failed to satisfy the threshold requirement that he has been deprived of a protected property interest, the requirements of procedural due process do not apply. *Yashon v. Hunt,* 696 F.2d 468 (6th Cir.1983). This case therefore must be dismissed as plaintiff had no proprietary interest in his job as a policeman for the City of Oneida.

It is therefore ORDERED that the jury is directed to return a verdict in favor of defendants. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.