Larry M. **DUNCAN,** Plaintiff-Appellant,

v.

The **CITY OF ONEIDA, TENNESSEE,**
**and Mack Burchfield,**
**Defendants-Appellees.**

No. 83–5154.

United States Court of Appeals,
Sixth Circuit.

Argued March 13, 1984.

Decided June 4, 1984.

David A. Stuart (argued), Stuart & Maddox, Clinton, Tenn., for plaintiff-appellant.

Thomas W. Phillips (Lead), Phillips, Wilson, Webster, Smith & Ripley, Herbert Williams (argued), Oneida, Tenn., for defendants-appellees.

Before ENGEL and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PHILLIPS, Senior Circuit Judge.

Plaintiff is a former police officer in the City of Oneida, Tennessee. He was summarily discharged by defendant Chief of Police Mack Burchfield on January 24, 1979. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 claiming he had been deprived of a "property" interest in his job and that he was discharged without due process of law. The district court, 564 F.Supp. 425, initially dismissed the case pursuant to a Fed.R.Civ.P. 12(b)(6) motion filed by defendants. This court reversed the district court and remanded for further proceedings. *Duncan v. The City of Oneida, Tennessee,* 705 F.2d 452 (6th Cir.1982) (unpublished order). On remand, the case was tried before a jury. At the close of plaintiff's case the district court granted defendants' motion for a directed verdict. Plaintiff appeals. We affirm.

**I.**

Plaintiff alleged in his complaint that he had a property interest in his job as a policeman with the City of Oneida; that he had a legitimate claim of entitlement to continued employment; and that he was fired from his job without any notice of the reasons for dismissal or opportunity for hearing in which to respond to the charges against him. Duncan asserts that acts of defendants deprived him of property without due process of law in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, giving rise to a cause of action under 42 U.S.C. § 1983.

It is beyond question that the authority of a district court to grant a directed verdict is limited. This court recently reiterated this principle:

"In ruling on the motion [for directed verdict] the trial court views the evidence in the light most favorable to the party against whom the motion is made." *Continental Ore Co. v. Union Carbide & Carbon Corp.,* 370 U.S. 690, 696 n. 6, 82 S.Ct. 1404, 1409 n. 6, 8 L.Ed.2d 777 (1962) (quoting 5 Moore's Federal Practice 2316 (2d ed. 1951)); *Rockwell International Corp. v. Regional Emergency Medical Services of Northwest Ohio, Inc.,* 688 F.2d 29, 31 (6th Cir.1982). The directed verdict is proper only when by so viewing the evidence, there is "a complete absence of pleading or proof on an issue or issues material to the cause of action or where there are no controverted issues of fact upon which reasonable men could differ." *Rockwell,* 688 F.2d at 31.

*Grimm v. Leinart,* 705 F.2d 179, 181 (6th Cir.1983). *Accord. Edwards v. United States,* 140 F.2d 526 (6th Cir.1944).

In this case, the question of whether the grant of directed verdict was in error turns upon the question of whether plaintiff set

forth any set of facts to support his claim that he had a property interest in his employment.

## II.

The Supreme Court has recognized that an individual may have a "property" interest in public employment. In *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972) the Supreme Court stated:

> Property interests, of course, are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.

In *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972), decided the same day as *Roth,* the Supreme Court further articulated the "property" interest concept: "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." The Supreme Court later stated: "A property interest in employment can, of course, be created by ordinance, or by an implied contract. In either case, however, the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976) (footnotes omitted).

■ Plaintiff concedes that no state statute, city ordinance, or written employment contract governed the conditions of his employment with the City of Oneida. Thus, in order to create a property interest Duncan must demonstrate the existence of an "implied contract" or a "mutually explicit understanding" between Duncan and the City sufficient to create a legitimate entitlement to continued employment. Plaintiff contends that his "property" interest stems from promises and assurances given to him by two Aldermen to the effect that his job would be "permanent", and a similar assurance from the defendant Chief of Police Mack Burchfield.

■ The evidence offered at trial, even when construed most favorably towards plaintiff, simply fails to create an issue sufficient to send the case to the jury. Plaintiff's own testimony revealed that no one told him his job was permanent, rather that he was told that he was to have a full-time job. His belief that the job was permanent and that he could be discharged only for cause was a unilateral belief and not a mutually explicit understanding. A "unilateral expectation" does not create a property interest. *Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709. Furthermore, even if the job was classified as "permanent" it still could have been terminable at will. *Bishop v. Wood,* 426 U.S. at 343–344, 96 S.Ct. at 2076–2077. Plaintiff has presented no set of facts which would create a mutually explicit understanding sufficient to create a constitutionally protected property interest.

■ Plaintiff further contends that some unwritten "common law" or implied contract existed which created a legitimate claim to continued employment. Duncan cites *Taylor v. Meeks,* 191 Tenn. 695, 696, 236 S.W.2d 969, 970 (1951) to support the proposition that Tennessee recognizes implied contracts concerning working conditions, and argues that the evidence at trial clearly indicates the City had an express policy of not removing police officers except for good cause. This argument is simply without merit. *Taylor* was a workman's compensation case addressing the question of whether an employee was injured in the course of employment when injured while on a truck driven by the employer carrying the employees to the workplace. This in no way supports the claim that there existed an implied contract between Duncan and the City of Oneida which created a constitutionally protectable property interest that he would be discharged only for certain reasons and with certain procedural protections.

Finally, in its brief Appellant cites several decisions of this court and several state court decisions which support his claim that Tennessee recognizes a proprietary interest in employment. Those cases, *e.g. Kendall v. Bd. of Education of Memphis City Schools*, 627 F.2d 1, 4 (6th Cir.1980); *Henderson v. Bentley*, 500 F.Supp. 62 (E.D. Tenn.1980) *aff'd without opinion* 698 F.2d 1219 (6th Cir.1982); *Huddleston v. City of Murfreesboro*, 635 S.W.2d 694, 695 (Tenn. 1982), recognize a proprietary interest in employment only where there exists a statute, ordinance or specific employment contract creating such an interest. Thus they are inapposite to the instant case. Duncan has set forth no authority, nor have we found any, which supports his claim of an entitlement to public employment in Tennessee absent a statute, ordinance or employment contract specifically creating such an interest.

### III.

We conclude that the district court correctly found that Duncan presented no evidence to support the contention that he had a constitutionally protected property interest in his job as a police officer in Oneida, Tennessee. Tennessee law does not create such an interest; no local statute or ordinance existed; no employment contract existed; nor does the evidence indicate that any mutually explicit understanding, or implied contract, existed to create a property interest.

Accordingly, the district court properly directed a verdict in favor of defendants, and dismissed the case. The judgment of the district court is affirmed.