**Walter K. BUSH, Plaintiff,**

v.

**Christine L. JOHNSON, City Manager for the City of Norris; Armond Arnurius, Mayor for the City of Norris; Theron J. Fields, Robert Gregory, Dean Hackler, Drew Hammond, Members of the City Council for the City of Norris; and The City of Norris, Tennessee, Defendants.**

**No. CIV. 3–84–765.**

United States District Court,
E.D. Tennessee, N.D.

March 20, 1985.

David A. Stuart, Clinton, Tenn., for plaintiff.

Robert H. Watson, Jr., Richard T. Sowell, Knoxville, Tenn., for defendants.

## MEMORANDUM

JARVIS, District Judge.

This cause of action for violation of civil rights pursuant to 42 U.S.C. § 1983 came on for trial before a jury on Thursday, March 14, 1985. At the close of plaintiff's case, the Court granted defendants' motion for directed verdict.

Plaintiff alleged in his Complaint and attempted to prove at trial that he had a property interest in his job as Public Safety

Director for the City of Norris, Tennessee; that he had a legitimate claim of entitlement to continued employment; and that he was fired from his job without any notice of the reasons for dismissal or opportunity for a hearing. Plaintiff alleged that these acts of defendants deprived him of property without due process of law, in violation of the Fourteenth Amendment to the United States Constitution, giving rise to a cause of action under 42 U.S.C. § 1983.

On motion for directed verdict, defendants asserted that plaintiff had proved no property interest in his employment. In response, plaintiff asserted that he had proved a property interest in employment: (1) as a probationary employee under the personnel policy; (2) as a contractual employee under the personnel policy; and (3) under an oral contract with the City Manager.

■ Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law. *Board of Regents v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972). To have a property interest in employment, a person must have more than an abstract need or desire for it. *Id.* "He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.* Such a legitimate claim of entitlement can arise from mutually explicit understandings. *Id. Perry v. Sindermann*, 408 U.S. 593, 601, 92 S.Ct. 2694, 2699, 33 L.Ed.2d 570 (1972).

Whether plaintiff had a property interest in employment depends on whether one was created by or under Tennessee law. "The State of Tennessee does not grant, by statute or otherwise, a right to continued public employment." *Duncan v. The City of Oneida*, 564 F.Supp. 425, 426 (E.D.Tenn. 1983), *aff'd* 735 F.2d 998 (6th Cir.1984). However, "[c]ity charter provisions and ordinances may give rise to proprietary rights in employment in Tennessee. [citations omitted] The courts of this State have looked to those provisions in determining whether employees have attained sufficient tenure to be entitled to requested hearings." *Id. See also, Blackwell v. Quarterly County Court of Shelby County*, 622 S.W.2d 535, 539 (Tenn.1981) (dicta) (Except as affected by a tenure or civil service system, a public employee ordinarily is not deemed to have a contract of employment within the meaning of the "impairment of contracts" provisions of the state and federal constitutions.)

■ The proof in this case showed that the City of Norris had in force a personnel policy which provided that "each new employee shall be considered a probationary employee for the first 12 months" and may be removed by the City Manager after the first month if the employee in the Manager's opinion is not performing the duties satisfactorily. (Exh. # 1). The personnel policy provided for no pre-termination hearing or notice of reasons for discharge. (*Id.*). The Tennessee Supreme Court has held that a probationary employee under a civil service system which provides that the employee can be dismissed if he has not shown sufficient aptitude to continue in his position and that such dismissal can be made without a formal hearing has no proprietary interest in continued employment. *See, State v. City of Memphis*, 224 Tenn. 180, 452 S.W.2d 346 (1970). *Cf. Huddleston v. City of Murfreesboro*, 635 S.W.2d 694 (Tenn.1982) (A probationary employee has a proprietary interest in public employment where the city charter provides that any person removed from office or dismissed from employment by the City Manager can appeal to the City Council and is entitled to a hearing as to the reasons or justifications for his removal or discharge.) In this case, the proof showed that under the personnel policy plaintiff could be discharged without a hearing if in the opinion of the City Manager he was not performing his job satisfactorily. Therefore, under the law of Tennessee, plaintiff had no property interest in his employment.

■ Alternatively, plaintiff argued that the proof showed that he was a contractual employee pursuant to § 1.1801(d) of the personnel policy. That section provides

that all city employees are subject to the personnel policy provisions except the City Manager, the City Council and persons hired on a contractual basis. (Exh. # 1). The proof showed that the only persons hired on a contractual basis were the city attorney and garbage collectors. Plaintiff testified that he believed he was a department head and therefore not subject to the personnel policy. However, no proof was introduced to show that this was any more than a mere belief of plaintiff. The Court is of the opinion that there was no proof on which reasonable minds could differ to show that plaintiff was the type of employee who would be employed on a contractual basis under § 1.1801(d). Further, even assuming plaintiff was employed on a contractual basis pursuant to § 1.1801(d), there was no proof that plaintiff could not have been terminated at the will of the City Manager. Indeed, Bob Gregory, a member of the City Council at the time of plaintiff's discharge, testified that the city attorney, who was employed on a contractual basis, was employed at the pleasure of the City Council and the City Manager. Therefore, persons employed on a contractual basis with the City are employees at will and have no property interest in their employment. *See, Duncan v. The City of Oneida, Tennessee,* 735 F.2d 998, 1000 (6th Cir. 1984) ("Furthermore, even if the job was classified as 'permanent' it still could have been terminable at will.")

Finally, plaintiff argues that notwithstanding the personnel policy, he was employed pursuant to an oral contract for a term of employment of two years. Viewing the evidence in the light most favorable to the plaintiff, as is required on a motion for directed verdict, the proof showed that the City Manager told plaintiff that his contract of employment would coincide with the two-year term of the newly elected City Council. Therefore, plaintiff argues that he had a mutually explicit understanding which gave rise to a legitimate claim of entitlement sufficient to create a property interest. The Sixth Circuit Court of Appeals has held that a nontenured individual employed pursuant to public civil

service system has no " 'expectancy' of continued employment, whatever may be the policies of the institution, where there exists a statutory tenure system." *Ryan v. Aurora City Bd. of Ed.,* 540 F.2d 222, 227 (6th Cir.1976), *cert. den.* 429 U.S. 1041, 97 S.Ct. 741, 50 L.Ed.2d 753 (1977). The Tennessee Supreme Court also has stated in dictum that ordinarily a public employee has only those rights which are granted by the tenure system. *See, Blackwell,* 622 S.W.2d at 539. In this case, the personnel policy provides for a probationary period of one year after which time the employee becomes a permanent employee with specified rights under the personnel policy. Therefore, the City of Norris, at the time of plaintiff's employment, had in effect a tenure system, and plaintiff's rights in continued employment must be determined by the tenure system. As previously discussed, the tenure system gave plaintiff no property interest in his employment. At most, plaintiff had a unilateral expectation of entitlement which is insufficient to create a property interest. *See, Board of Regents v. Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. Since plaintiff has failed to prove that he had a protected property interest, the requirements of procedural due process do not apply. *See, City of Oneida,* 564 F.Supp. at 427.

Plaintiff also alleged that defendants violated his First Amendment right to religious freedom by making a condition of continued employment that he attend a church of his supervisor's choice. Even if a public employee is without tenure or otherwise has no property interest in his employment, plaintiff may establish a claim if the decision not to rehire him was based on his exercise of constitutionally protected First Amendment freedoms. *See, Daulton v. Affeldt,* 678 F.2d 487, 490 (4th Cir.1982). Plaintiff must establish by a preponderance of the evidence that his exercise of religious freedom (*i.e.* his failure to attend his supervisor's church) was a substantial or motivating factor in the decision to terminate him. *Id.* If defendant produces evidence that the reason for plaintiff's termi-

nation was not his failure to attend his supervisor's church but rather was for other legitimate reasons, the burden is on plaintiff to show that the stated reasons for termination were pretext and that the actual reason was the exercise of a constitutionally protected right. *See, Watts v. Board of Curators, University of Missouri*, 495 F.2d 384, 389 (8th Cir.1974). In this case, the proof showed that plaintiff had allowed on-duty police officers to shoot pool and play poker in his home in violation of city policy. Defendants testified that the reason for plaintiff's termination was this violation of city policy. Plaintiff offered proof to show that the real reason for his termination was his refusal to route traffic through the City of Norris on Celebration Day. Plaintiff offered no proof to show that the real reason for his termination was his failure to attend his supervisor's church. Therefore, no proof exists on which reasonable minds could differ to show that plaintiff was terminated for a constitutionally protected right.

For the foregoing reasons, it is ORDERED that the jury is directed to return a verdict in favor of defendants. It is further ORDERED that this case be and the same hereby is DISMISSED.

Order accordingly.