**Joseph PASKVAN, Plaintiff–Appellant,**

v.

**CITY OF CLEVELAND CIVIL SERVICE COMMISSION; Mitchel J. Brown; Howard E. Rudolph; and George V. Voinovich, Mayor, City of Cleveland, Defendants–Appellees.**

No. 90–3711.

United States Court of Appeals, Sixth Circuit.

Argued May 6, 1991.

Decided Oct. 18, 1991.

---

**1234**

Edward G. Kramer (argued and briefed), Kramer & Tobocman, David B. Malik (briefed), Cleveland, Ohio, for Joseph Paskvan.

Harold C. Reeder (argued), Franzetta D. Turner (briefed), Craig S. Miller, City of Cleveland Law Dept., Office of Director of Law, Cleveland, Ohio, for City of Cleveland Civil Service Com'n.

Franzetta D. Turner, Craig S. Miller, City of Cleveland Law Dept., Office of Director of Law, Cleveland, Ohio, for Mitchel J. Brown, Director of Public Safety, City of Cleveland, Howard E. Rudolph, Chief of Police, and George V. Voinovich, Mayor, City of Cleveland.

Before KEITH and BOGGS, Circuit Judges, and WELLFORD, Senior Circuit Judge.

WELLFORD, Senior Circuit Judge.

Joseph Paskvan is a police officer employed by the City of Cleveland (the City). In June 1987, he passed an exam given by the City to determine eligibility for promotion to the rank of sergeant. His eligibility was certified in November 1987. Paskvan allegedly ranked third on the eligibility list. Paskvan averred that it was the policy of Cleveland to promote from the eligibility list in the order of rank. In September 1988, all the top 18 candidates eligible for promotion, except Paskvan, were granted promotion. Paskvan was passed over in February and September 1989, and his name was then removed from the list. Paskvan alleges that he was never told why he was not promoted along with the others on the eligibility list.

Paskvan brought a § 1983 claim against the Cleveland Civil Service Commission, as well as its Public Safety Director, Chief of Police, and Mayor. He alleged violation of his procedural due process rights, substan-

tive due process rights, and equal protection rights on the basis of racial discrimination (Paskvan is white). He also alleged pendent state law claims of employment discrimination in violation of Ohio law and emotional distress.

The defendants moved to dismiss on the basis of Fed.R.Civ.P. 12(b)(1) (jurisdiction), 12(b)(6) (failure to state a claim), and 12(c) (judgment on pleadings). In a decision filed July 11, 1990, the district court dismissed Paskvan's due process claims on the basis that there was no liberty or property interest to support them. The district court determined that the Cleveland City Charter granted the City discretion to refuse promotion, thus defeating Paskvan's claim to a property right in promotion. The court also found that while a state generally may not deny a person's liberty to obtain a given occupation without due process, that this restriction does not create a liberty interest in a certain rank within an occupation.

Paskvan dismissed the rest of his claims without prejudice in order to make the district court's adverse ruling final and thus appealable. This appeal promptly ensued.

■ Federal Rule of Civil Procedure 12(c) permits a judgment on the pleadings. In considering such a motion, the court must accept all the factual allegations of the complaint as true. *Beal v. Missouri Pac. R.R.*, 312 U.S. 45, 51 (1941). The motion is granted when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *General Cinema Corp. v. Buena Vista Distrib. Co.*, 681 F.2d 594, 597 (9th Cir.1982).

Paskvan alleges that the district court did not fulfill its duty in considering the City's 12(c) motion because it did not accept as true Paskvan's allegation that the City had a policy and practice of promoting police officers to the rank of sergeant in order of their performance on the eligibility exam. In fact, the district court did not reach the issue of whether to accept this allegation as true since it found the issue irrelevant to Paskvan's claim. The district court determined that the truth of this allegation was irrelevant because it found no property right in promotion since the City's charter vests discretion for promotion in the appointing authority.[1] We consider that the continuing viability of Paskvan's claims depends on the existence of a protected liberty or property interest under the due process clause.

To reach its conclusion that there is no liberty interest in promotion, the district court adopted the reasoning of the Seventh Circuit Court of Appeals in *Lawson v. Sheriff of Tippecanoe County*, 725 F.2d 1136, 1138 (7th Cir.1984) (liberty interest in occupation); *Bigby v. Chicago*, 766 F.2d 1053, 1056–57 (7th Cir.1985), *cert. denied sub nom. Thoele v. Chicago*, 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986); and *Illinois Psychological Ass'n v. Falk*, 818 F.2d 1337, 1344 (7th Cir.1987). Paskvan did not seriously challenge this reasoning in his appellate brief and thus appears to have abandoned the issue of a claimed liberty interest. *See McMurphy v. City of Flushing*, 802 F.2d 191, 198–99 (6th Cir.1986).

Paskvan does, however, pursue the contention that he has a protected *property* interest in promotion under the due process clause. Paskvan argues that the City has created a property interest in promotion in order of rank on the eligibility list as evidenced in its past practice of always promoting in that manner. In essence, Paskvan is making a waiver argument. Since the City's Charter gives the City discretion in promotion, Paskvan argues, in effect, that the City has waived this exercise of discretion through practice. Paskvan maintains that property interests may be created through mutually explicit under-

---

1. Ohio law uses the "rule of three" as the basis for promotion. Under this rule, the three highest scoring officers on an exam for promotion eligibility are recommended to the appointing authority for promotion. From these three, the appointing authority chooses on for promotion.

*See* the City's Charter, §§ 131, 133 (1988). The specific language relied on by the district court reads: "The appointing authority shall appoint to such position one of the three persons whose names are ... certified [from the eligibility list]." *Id.* § 131.

standings, *citing Perry v. Sinderman,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972); *see also Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Walker v. Hughes,* 558 F.2d 1247, 1253 (6th Cir.1977); *Wells v. Board of Regents,* 545 F.2d 15 (6th Cir. 1976); *Christian v. Belcher,* 888 F.2d 410 (6th Cir.1989). While the policy Paskvan argues may be quite difficult to prove, we assume it exists at this stage. *See, e.g., Hermes v. Hein,* 742 F.2d 350, 355 (7th Cir.1984) ("[A] common law of employment is established through rules or mutually explicit understandings, and not solely through the past practices of the employer." (citations omitted)).

■ We conclude that there is no substantive due process right involved in this claim of failure to carry out a purported understanding about promotion procedures.

Paskvan may have alleged sufficient facts to go forward with his claim of deprivation of procedural due process if the waiver argument is justified. In *Reich v. Beharry,* 883 F.2d 239, 242 (3d Cir.1989), the court stated that

[s]o far as [it had] been able to determine, every court of appeals that has directly confronted the issue has concluded that although state contract law can give rise to a property interest protectible by procedural due process, not every interest held by virtue of a contract implicates such process.

*Id.* at 242 (citations omitted).

■ In *Woolsey v. Hunt,* 932 F.2d 555 (6th Cir.1991), we recognized that an implied contract or mutually explicit understanding is sufficient to create a property interest in public employment, *citing Duncan v. City of Oneida,* 735 F.2d 998, 1000 (6th Cir.1984). *Duncan,* however, recognized that one in the posture of Paskvan must establish a sufficient factual predicate to claim a property interest in continued public employment. *Compare Petru v. City of Berwyn,* 872 F.2d 1359 (7th Cir.1989). Here, Paskvan's continued public employment is not at stake; rather, Paskvan has the heavier burden of showing a property interest in promotion under

Cleveland ordinances by reason of its alleged practice of waiving its right to choose among a group of three qualified eligibles and proceed on the basis of test grade rank. "[A]greements implied from 'the [defendants'] words and *conduct* in the light of the surrounding circumstances' may be sufficient to constitute a protected property interest. *Perry [v. Sinderman,* 408 U.S. 593,] at 602 [92 S.Ct. at 2700]." *Woolsey,* 932 F.2d at 564 (emphasis added).

Paskvan alleges that he was deliberately denied promotion based upon his race, and for reasons of political preference. *See Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). This may be a sufficient basis of a constitutional claim, and there appears to be no issue as to whether Paskvan had an adequate state remedy to redress his rejection for alleged racial, political, or other improper or invalid reasons. Paskvan plainly alleges no adequate state remedy.

■ Refusal to promote based upon negligence, oversight, or inadvertence is not actionable. *See Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986); *Jones v. Sherrill,* 827 F.2d 1102 (6th Cir.1987). Paskvan "on information and belief," claims, however, that defendants "intentionally singled [him] out ... for unfavorable treatment." He claims further deliberate "bad faith" action, unauthorized on defendants' part, with "no adequate post-deprivation" remedy available in the face of defendants' refusal to give a reason for their actions. Defendants filed no answer denying these allegations, nor did defendants file a motion for summary judgment. As stated, Paskvan plainly alleges defendant's universal pattern of conduct of accepting test scores for order of promotion and the lack of an adequate state remedy. The cases cited by defendants to the district court, *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Hudson v. Palmer,* 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); and *Vicory v. Walton,* 721 F.2d 1062 (6th Cir.1983), *cert. denied,* 469 U.S. 834, 105 S.Ct. 125, 83

L.Ed.2d 67 (1984), are inapposite because they involve rulings on a defendant's motions for summary judgment.

The cases relied upon by the district judge in dealing with "expectations ... [that] do not rise to the level of a protected property interest," considered evidence, testimony, affidavits or other proof—they were not decided on defendant officials' motions to dismiss. *Petru,* 872 F.2d 1359 (summary judgment); *Bigby v. City of Chicago,* 766 F.2d 1053 (7th Cir.1985), *cert. denied sub nom. Thoele v. City of Chicago,* 474 U.S. 1056, 106 S.Ct. 793, 88 L.Ed.2d 771 (1986) (trial); *Burns v. Sullivan,* 619 F.2d 99 (1st Cir.) (summary judgment), *cert. denied,* 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980). We believe the district court erred in granting defendants' motion to dismiss, especially in light of its recognition that "[m]utually explicit understandings arising from an employer's custom and practice are one source of property interests." (*Citing Perry v. Sinderman,* 408 U.S. 593, 601–03, 92 S.Ct. 2694, 2699–2700; *see* note 6 of the district court opinion.)

We believe that Paskvan has at least arguably and sufficiently alleged defendants' course of conduct, despite discretionary rights in the "rule of three,"[2] to create an implied contract or mutually explicit understanding for promotion based on test scores, and plaintiff has likewise alleged lack of any adequate state remedy. *See Duncan,* 735 F.2d at 1000; *Woolsey,* 932 F.2d at 526. These are sufficient to survive defendants' motion to dismiss. Plaintiff has also alleged a specific discriminatory basis for his non-promotion which may constitute a sufficient basis to overcome such a motion.

We, accordingly, REVERSE and REMAND for further proceedings consistent with this opinion.

2. Plaintiff conceded in his reply brief that "the City Charter would permit discretion in the appointing authority to disregard the results of its examination," but relied upon "the policy of the City[,] as known to appellant and others[,] ... to promote in rank order."