Thomas Edward BROWN, Plaintiff,

v.

The COUNTY OF JACKSON, Susan E. Vandercook, and Saul Balys, Jointly and Severally, Defendants.

Civ. A. No. 91–75222.

United States District Court, E.D. Michigan, S.D.

Oct. 23, 1992.

---

Thomas G. McHugh, Bieri Bernstein, Detroit, Mich., for plaintiff Thomas Edward Brown.

David W. Swan, Jackson, Mich., for County of Jackson.

Richard A. Kudla, Southfield, Mich., for defendants Vandercook & Balys.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

On July 31, 1992, defendants filed a motion pursuant to Rules 12(b)(6), 12(c) and 56(b) of the Federal Rules of Civil Procedure. Plaintiff filed a response August 26, 1992; no reply was filed. Oral argument was heard October 15, 1992.

### BACKGROUND FACTS

Plaintiff Thomas Edward Brown, a black male, had been the assistant director of the youth center for the Youth Services Division of Jackson County Probate Court, Jackson, Michigan, for thirteen years. In June 1991 plaintiff was a candidate for the position of director of the youth center; however, defendants appointed to that position a white male, Brian Philson.

Plaintiff filed a three-count complaint against defendants October 7, 1992, alleging violations of 42 U.S.C. §§ 1983 and 1985, and Title VII. Because defendants' motion is entitled "Motion for Summary Judgment and for Judgment on the Pleadings," the court will review it as such and will disregard defendants' sole reference to Rule 12(b)(6).

### STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted) (quoting Black's Law Dictionary 881 (6th ed. 1979)). The court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir. 1984).

The movant bears the burden of demonstrating the absence of all genuine issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact. Rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

To create a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Su-

preme Court stated in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted). *See Catrett,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed. R.Civ.P. 50(a). *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact. *Lucas v. Leaseway Multi Transp. Serv., Inc.,* 738 F.Supp. 214, 217 (E.D.Mich.1990), *aff'd,* 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block,* 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

## ANALYSIS

Plaintiff has brought claims under 42 U.S.C. §§ 1983, 1985 and 2000e *et seq.,* Title VII. Section 1983 provides a cause of action for persons deprived by state action of any right, privilege or immunity secured by the United States Constitution. Section 1985 provides a cause of action for any person who is the victim of a conspiracy designed to deprive that person of his or her constitutional rights. Title VII provides any person who is the victim of race discrimination with a cause of action for civil damages.

1. At the hearing counsel for Sheila Douglas, the plaintiff in the companion case to this action, cited *Hull v. Cuyahoga Valley Bd. of Educ.,* 926 F.2d 505 (6th Cir.1991), for the proposition that a job promotion was a protected interest under section 1983 whenever a plaintiff alleged race

### I. Plaintiff's Section 1983 Claim

In Count I plaintiff claims that defendants by-passed him for a promotion on the basis of race. Defendants' action, plaintiff contends, constitutes a violation of 42 U.S.C. § 1983. To recover under section 1983, a plaintiff must show, among other things, that defendants violated a right, privilege, or immunity secured to him by federal law. *Charles v. Baesler,* 910 F.2d 1349, 1352 (6th Cir.1990).

The United States Court of Appeals for the Sixth Circuit has held that a job promotion is not such a fundamental right, as it constitutes neither a liberty nor a property interest. *Paskvan v. City of Cleveland,* 946 F.2d 1233, 1235–36 (6th Cir.1991); *Charles,* 910 F.2d at 1352. Accordingly, defendants are entitled to summary judgment on plaintiff's section 1983 claim.[1]

### II. Plaintiff's Title VII Claim

In Count II plaintiff has alleged a cause of action against defendants under Title VII, 42 U.S.C. §§ 2000e *et seq.* In an employment discrimination case involving a failure to promote, the employee must first establish a *prima facie* case of discrimination. *Texas Dep't of Community Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). If the employee succeeds in proving the *prima facie* case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the action against the employee. *Id.* Subsequently, if the employer carries its burden, the plaintiff must then have an opportunity to prove that the reasons offered by the defendant were a mere pretext for discrimination. *Id.*

To establish a *prima facie* case of discrimination under Title VII, a plaintiff may show

(1) that he belongs to a racial minority;

discrimination. Evidently, counsel misinterpreted the portion of *Hull* which discussed a section 1981 claim. *Id.* at 509. In the instant action, neither plaintiff has alleged a section 1981 claim.

(2) that he applied and was qualified for a job for which the employer was seeking applicants;

(3) that, despite his qualifications, he was rejected; and

(4) that, after his rejection, the position remained open and the employer continued to seek applications from persons of complainant's qualifications.

*Id.* at 253 n. 6, 101 S.Ct. at 1094 n. 6; *Furnco Const. Corp. v. Waters,* 438 U.S. 567, 575, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Plaintiff in this case has shown that he is a member of a racial minority. He has shown that he was qualified and applied for a position for which the employer was seeking applicants and that, despite his qualifications, he was rejected. Plaintiff, however, has failed to show that, after his rejection, the job remained open and the employer continued to seek other applicants. According to plaintiff, both he and Philson were candidates for the same job at the same time. Thus, the position did not remain open after plaintiff was rejected.

■■■■■ However, the court will not end its analysis with plaintiff's failure to show the fourth element of the *prima facie* test. Because the facts will vary in every case, the requirement that a plaintiff show these particular elements is not an inflexible rule. *Furnco,* 438 U.S. at 575, 98 S.Ct. at 2949. What is required is an initial showing by plaintiff that actions were taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under Title VII. *Id.* The Supreme Court has held, in more general terms, that

[t]he burden of establishing a prima facie case of disparate treatment is not onerous. The plaintiff must prove by a preponderance of the evidence that she applied for an available position for which she was qualified, but was rejected under circumstances which give rise to an inference of unlawful discrimination.

*Burdine,* 450 U.S. at 253, 101 S.Ct. at 1094.

In the instant action, plaintiff has failed to present sufficient evidence that the circumstances under which he was rejected for the promotion give rise to an inference of unlawful discrimination. At oral argument the court agreed to consider the testimony of Terresa Hawkins, whose deposition had been offered in the companion case. According to Ms. Hawkins, she had previously been rejected for a family counselor's position at the youth center. Hawkins dep. at 21. Hawkins also testified that in a subsequent discussion with defendant Saul Balys about why she was not selected, "he [Balys] also stated something about the commissioners or the community, how could he explain to them two black people being placed, you know, having an administrative positions, having offices in the front office." *Id.*

The Sixth Circuit has found that isolated remarks made by non-decisionmakers are insufficient evidence of discriminatory motive. *Hull v. Cuyahoga Valley Bd. of Educ.,* 926 F.2d 505, 514 (6th Cir.1991). Pursuant to Mich.Comp.Laws Ann. § 600.-831, "the power of nomination, appointment, and removal of several employees as provided by law for the probate court in that county, ... shall be vested in a chief probate judge." Clearly then, it was defendant Vandercook, not defendant Balys, who was the decisionmaker in the instant case. Therefore, Hawkins' testimony regarding an isolated statement by defendant Balys is insufficient evidence that the circumstances under which he was rejected for the promotion gave rise to an inference of unlawful discrimination. Accordingly, the court finds that plaintiff has failed to establish his *prima facie* case.

If plaintiff had carried his burden in showing a *prima facie* case of race discrimination, the burden would have shifted to defendants to articulate some legitimate, nondiscriminatory reason for the action against him. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093. In the instant action, defendants have articulated such a reason. In a

June 24, 1991 letter to plaintiff, defendant Vandercook explained that plaintiff was not hired for the position because Vandercook still questioned plaintiff's honesty regarding a previous matter at the youth center. Defendants' ex. C.

Because the court finds that defendants have carried their burden, plaintiff then would have to show that the reason offered was a mere pretext for discrimination. *Burdine,* 450 U.S. at 253, 101 S.Ct. at 1093. As discussed earlier, the testimony of Terresa Hawkins is insufficient evidence of discriminatory motive. Plaintiff has failed to present any other evidence, other than his repeated conclusory allegation that he was not promoted because of his race, to show that defendant Vandercook's reason for not giving him the promotion was a mere pretext for discrimination. Accordingly, the court finds that there are no genuine issues of material fact; therefore, defendants are entitled to summary judgment on plaintiff's Title VII claim.

### III. Plaintiff's 1985 Claim

In Count III plaintiff alleges that defendants "engaged in a conspiracy to deprive the Plaintiff of promotional opportunities because of the fact that he is black." Complaint at 7. This action, he contends, is a violation of 42 U.S.C. § 1985. Plaintiff's recitation of the pertinent part of section 1985 is as follows:

> If one or more persons engaged therein due [*sic*], or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or depravation [*sic*], against any one or more of the conspirators.

Plaintiff's resp. at 8–9. Because plaintiff has failed to establish a section 1983 claim, his section 1985(3) claim for conspiracy to deprive plaintiff of his equal protection rights must fail. In addition, deprivation of a right created by Title VII cannot be the basis for a cause of action under section 1985(3). *Great Am. Sav. & Loan Ass'n. v. Novotny,* 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979). Therefore, defendants are entitled to summary judgment on plaintiff's section 1985 claim.

### ORDER

NOW, THEREFORE, IT IS HEREBY ORDERED that defendants' motion for summary judgment is GRANTED.