Sheila V. DOUGLAS, Plaintiff,

v.

The COUNTY OF JACKSON, Susan E. Vandercook, and Saul J. Balys, jointly and severally, Defendants.

No. 91-75223.

United States District Court, E.D. Michigan, S.D.

Oct. 23, 1992.

David A. Bower, River Rouge, Mich., Michael Donaldson, Livonia, Mich., for plaintiff.

David W. Swan, Jackson, Mich., for County of Jackson.

Richard A. Kudla, Southfield, Mich., for defendants Vandercook & Balys.

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

GADOLA, District Judge.

Plaintiff filed her complaint in this matter on October 7, 1991. On October 22, 1991, defendants filed an answer. Pursuant to defendants' October 29, 1991 motion, this case was consolidated with a preceding case having the number 91–75222. On July 31, 1992, defendants filed a motion for summary judgment. Following entry of a stipulation and order extending plaintiff's time for filing a response, plaintiff responded to this motion August 24, 1992. Defendants filed no reply to plaintiff's response. On October 9, 1992, plaintiff filed a supplemental response.

### I. Background Facts

On or about June 24, 1991, plaintiff was a candidate for the position of Director of the Youth Services Division of the Jackson County Probate Court. At that time, plaintiff was a Shift Supervisor for the Youth Center for the Youth Services Division. Plaintiff had worked for the Youth Services Division for fourteen years during which time she consistently received high performance reviews.

The defendants are Probate Judge Susan E. Vandercook, who was responsible for appointing a person to the position of Director of the Youth Services Division; Saul Balys, who, at the time plaintiff was allegedly injured, was the out-going Director of the Youth Services Division, and who allegedly influenced Judge Vandercook in her appointment decision; and the County of Jackson, which is alleged to have been plaintiff's employer at the time the plaintiff was denied the promotion. On or about June 24, 1991, defendants Vandercook and Balys, allegedly acting in concert and as agents of the County of Jackson, appointed to the position of Director a white male who was, up until that time, an employee of Youth Services in a position subordinate to plaintiff. Plaintiff claims that the person chosen was less qualified for the position than plaintiff and that plaintiff was denied the position on the basis of her race.

### II. Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." "A fact is 'material' and precludes grant of summary judgment if proof of that fact would have [the] effect of establishing or refuting one of the essential elements of the cause of action or defense asserted by the parties, and would necessarily affect [the] application of appropriate principle[s] of law to the rights and obligations of the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citation omitted). The Court must view the evidence in a light most favorable to the nonmovant as well as draw all reasonable inferences in the nonmovant's favor. *See United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 993, 8 L.Ed.2d 176 (1962); *Bender v. Southland Corp.*, 749 F.2d 1205, 1210–11 (6th Cir.1984).

The movant bears the burden of demonstrating the absence of all genuine

issues of material fact. *See Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 861 (6th Cir.1986). The initial burden on the movant is not as formidable as some decisions have indicated. The moving party need not produce evidence showing the absence of a genuine issue of material fact; rather, "the burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the moving party discharges that burden, the burden shifts to the nonmoving party to set forth specific facts showing a genuine triable issue. Fed.R.Civ.P. 56(e); *Gregg*, 801 F.2d at 861.

 To show that there exists a genuine issue of material fact, however, the nonmovant must do more than present some evidence on a disputed issue. As the United States Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986),

> There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted.

(Citations omitted); *see also Celotex*, 477 U.S. at 322–23, 106 S.Ct. at 2552. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The standard for summary judgment mirrors the standard for a directed verdict under Fed.R.Civ.P. 50(a). *Anderson*, 477 U.S. at 250. Consequently, a nonmovant must do more than raise some doubt as to the existence of a fact; the nonmovant must produce evidence that would be sufficient to require submission of the factual issue to the jury. *Lucas v. Leaseway Multi Transp. Serv., Inc.*, 738 F.Supp. 214, 217 (E.D.Mich.1990),

*aff'd*, 929 F.2d 701 (6th Cir.1991). The evidence itself need not be the sort admissible at trial. *Ashbrook v. Block*, 917 F.2d 918, 921 (6th Cir.1990). However, the evidence must be more than the nonmovant's own pleadings and affidavits. *Id.*

### III. Analysis

Plaintiff has brought claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). Section 1983 provides a cause of action for persons deprived by state action of any right, privilege or immunity secured by the United States Constitution. Title VII of the Civil Rights Act of 1964 provides any person who is the victim of racial discrimination with a cause of action for civil damages. Section 1985 provides a cause of action for any person who is the victim of a conspiracy designed to deprive that person of his or her constitutional rights.

### A. Plaintiff's Section 1983 Claim

 Plaintiff alleges that she was denied a promotion on the basis of her race and that, therefore defendants violated her rights under 42 U.S.C. § 1983. To recover under section 1983, a plaintiff must show, *inter alia*, that the defendant violated a right, privilege or immunity secured to her by federal law. *Charles v. Baesler*, 910 F.2d 1349, 1352 (6th Cir.1990).

The United States Court of Appeals for the Sixth Circuit has held that there exists neither a liberty nor property interest in promotion that is protected under 42 U.S.C. § 1983. *Paskvan v. City of Cleveland Civil Service Comm'n*, 946 F.2d 1233, 1235–36 (6th Cir.1991); *Charles*, 910 F.2d at 1352. Accordingly, defendants are entitled to summary judgment on plaintiff's section 1983 claim.[1]

### B. Plaintiff's Title VII Claims

 In an employment discrimination case involving a failure to promote, the

---

1. At the hearing plaintiff cited *Hull v. Cuyahoga Valley Bd. of Educ.*, 926 F.2d 505 (6th Cir.1991), for the proposition that a job promotion was a protected interest under section 1983 whenever a plaintiff alleged race discrimination. Evident-

ly, plaintiff misread the portion of *Hull* which discussed a section 1981 claim. *See Hull*, 926 F.2d at 509. In the instant action, plaintiff has alleged no such claim.

employee must first establish a *prima facie* case of discrimination. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253, 101 S.Ct. 1089, 1093, 67 L.Ed.2d 207 (1981). If the employee succeeds in establishing the *prima facie* case, the burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the action against the employee. *Id.* Once the employer articulates an acceptable reason for its action, the plaintiff must then have an opportunity to prove that the reason offered by the defendant was a mere pretext for discrimination. *Id.*

■ To establish a *prima facie* case of discrimination under Title VII, a plaintiff may show

(1) that [she] belongs to a racial minority;

(2) that [she] was qualified for a job for which the employer was seeking applicants;

(3) that, despite [her] qualifications, [she] was rejected; and

(4) that, after [her] rejection, the position remained open and the employer continued to seek applications from persons having qualifications similar to plaintiff's.

*Id.* at 253 n. 6, 101 S.Ct. at 1094 n. 6; *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

Plaintiff in this case has shown that she is a member of a racial minority. She has shown that she was qualified and applied for a position for which the employer was seeking applicants and that, despite her qualifications, she was rejected. According to plaintiff, both she and the person chosen were candidates for the job at issue at the same time. The person chosen was appointed to the position the same day of plaintiff's interview or very soon thereafter. Plaintiff, therefore, has failed to show that, after her rejection, the job remained open and the employer continued to seek other applicants.

■ However, the court does not end its analysis with this four-element test. Because the facts will vary in every case, the Supreme Court has held that the requirement that a plaintiff show these particular elements is not an inflexible rule. *Furnco Constr.*, 438 U.S. at 575, 98 S.Ct. at 2949. Failing these elements, the plaintiff must make an initial showing that the employer acted in such a way that one can infer, if such actions remain unexplained, that it is more likely than not that the employer was acting out of a discriminatory motivation illegal under Title VII. *Id.* And, ultimately, the plaintiff must prove, by a preponderance of the evidence, that she applied for an available position for which she was qualified but was rejected under circumstances which give rise to an inference of unlawful discrimination. *Burdine*, 450 U.S. at 253, 101 S.Ct. at 1094.

■ Defendants in this case have articulated a legitimate, nondiscriminatory reason why they chose to hire a twenty-eight year old, less experienced white male: defendants claim that plaintiff was not suitable for the job because she had a goal of starting her own alcohol treatment clinic, whereas defendants were looking for someone who would remain in the Director position indefinitely; thus, plaintiff's plans to eventually leave the Youth Services Division allegedly undermined her application for the position. In support of this alleged reason, defendants attach the deposition testimony of plaintiff herself, wherein plaintiff relates the discussion that occurred during the interview.

■ Plaintiff does not refute that she previously had expressed a desire to open her own rehabilitation center and that, when questioned on this subject during the interview, she did state that this was still a goal. However, plaintiff claims that her hopes to open her own rehabilitation center constituted more of a life-long dream than an imminent plan. Plaintiff maintains that defendants used this ambition of hers as a mere pretext to cover their racial bias.

In support of her allegation that defendants' employment decision was based on racial prejudice, plaintiff submits the affi-

**950**

davit of a co-worker, Terresa Hawkins, who allegedly was told by defendant Balys that she, Ms. Hawkins, was not promoted because it wouldn't look good to have two blacks working in the front office. Plaintiff's Supp. Resp. Plaintiff has failed to establish the relevance of Ms. Hawkins' testimony.

The Sixth Circuit has held that the isolated remarks of a non-decisionmaker are insufficient evidence of discriminatory intent. *Hull,* 926 F.2d at 514; *Chappell v. GTE Products Corp.,* 803 F.2d 261, 268 n. 2 (6th Cir.1986), *cert. denied,* 480 U.S. 919, 107 S.Ct. 1375, 94 L.Ed.2d 690 (1987). Michigan law establishes that defendant Vandercook, and not defendant Balys, was the person vested with the power of appointing a Director to replace defendant Balys. Mich.Comp.Laws Ann. § 600.831.[2]

The court therefore finds that plaintiff has not submitted evidence from which a reasonable trier of fact could conclude that the decision to deny plaintiff the promotion was based on discriminatory motives, or evidence that there exists a genuine issue of material fact as to whether Balys was the *de facto* decisionmaker in the appointing of his successor. Consequently, there exist no genuine issues of material fact as to plaintiff's Title VII claim.

**C. Plaintiff's Section 1985 Claims**

 Because plaintiff has failed to establish a section 1983 claim, plaintiff's section 1985(3) claim for conspiracy to deprive plaintiff of her equal protection rights must fail. Deprivation of a right created by Title VII cannot be the basis for a cause of action under section 1985(3). *Great Am. Sav. & Loan Ass'n. v. Novotny,* 442 U.S. 366, 378, 99 S.Ct. 2345, 2352, 60 L.Ed.2d 957 (1979). Therefore, even if plaintiff had alleged sufficient evidence to survive a motion for summary judgment on

her Title VII claim, no section 1985(3) claim on that basis could have survived.

ORDER

Therefore, it is hereby ORDERED that defendants' motion for summary judgment is GRANTED as to all of plaintiff's claims.

SO ORDERED.

---

2. Plaintiff argued at the hearing on this motion for summary judgment that there exists deposition testimony of defendant Vandercook wherein she states that she relied heavily on the input of defendant Balys; plaintiff failed, however, to submit such a deposition in support of his motion for summary judgment. Thus, plaintiff has failed to establish, by way of affidavit, deposition, or other evidence, that defendant Vander-

cook relied completely on defendant Balys' recommendation, and that therefore defendant Balys was the *de facto* decisionmaker. Without evidence to the contrary the court can only conclude that defendant Vandercook's decision not to appoint plaintiff to the position of Director was based on the legitimate reason that she has set forth.