**Byron E. LYLES, Plaintiff,**

v.

**CLINTON–INGHAM–EATON COM-MUNITY MENTAL HEALTH BOARD, Defendant.**

No. 5:98–CV–66.

United States District Court, W.D. Michigan, Southern Division.

Dec. 11, 1998.

Board, Robert Sheehan, Executive Director, defendants.

## OPINION

QUIST, District Judge.

Plaintiff, Byron E. Lyles ("Lyles"), filed this case against Defendants, Clinton–Ingham–Eaton Community Mental Health Board ("CIE") and Robert Sheehan, CIE's Executive Director, alleging that Defendants discriminated against him in his employment because of his race and age. In Count I of his First Amended Complaint, Lyles alleges race discrimination in violation of 42 U.S.C. §§ 1981 and 1983 and the Michigan Elliott–Larsen Civil Rights Act ("Elliott–Larsen Act"), M.C.L. §§ 37.2101 to .2803.[1] In Count II, Lyles alleges age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 to 634, and the Elliott–Larsen Act. Now before the Court is Defendants' Renewed Motion to Dismiss and Alternative Motion for Summary Judgment. The Court heard oral argument on December 2, 1998.

### Facts

Lyles, a black male, has been employed by CIE for approximately ten years as a substance abuse worker and substance abuse counselor. Lyles alleges that during this time, he performed duties that were outside his job classification. On June 18, 1996, Lyles requested a promotion to the position of substance abuse specialist. CIE denied Lyles' request on November 21, 1996. Lyles filed a grievance through his union regarding the denial, but the grievance was denied. Lyles did not file a complaint with the Equal Employment Opportunity Commission or the Michigan Civil Rights Commission.

### Standards for Dismissal and Summary Judgment

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). The moving party has the burden of proving that no claim exists. Although a complaint is to be liberally construed, it is still necessary

George V. Warren, Warren Foundation Legal Clinic, Lansing, MI, for Byron E. Lyles, plaintiff.

Patrick A. Aseltyne, Johnson, Rosati, Galica & Shifman, PC, Lansing, MI, for Clinton–Ingham Eaton Community Mental Health

---

1. On September 21, 1998, the Court dismissed Lyles' race discrimination claim under Title VII on the grounds that Lyles failed to exhaust his administrative remedies, and his claim was barred by the statute of limitations.

that the complaint contain more than bare assertions of legal conclusions. *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party. 2A James W. Moore, *Moore's Federal Practice*, ¶ 12.34[1][b] (3d ed.1997). The Court need not, however, accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987). Dismissal is proper "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957)).

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion. *Id.* at 251, 106 S.Ct. at 2511 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448, 20 L.Ed. 867 (1871)).

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v.*

*D'Ambrosi*, 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### Discussion

## I. ADEA Claim

Defendants argue that Lyles' ADEA claim must be dismissed because Lyles failed to exhaust his administrative remedies and his claim is barred by the 300–day statute of limitations. Lyles does not deny that he did not exhaust his administrative remedies as required by 29 U.S.C. § 626(d) or that he filed his complaint in this case beyond the 300–day limitations period. Because "[a] person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted," *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992), Lyles' ADEA claim must be dismissed. Moreover, Lyles' claim must be dismissed because it was filed beyond the 300–day limitations period set forth in 29 U.S.C. § 626(d)(2). *See Janikowski v. Bendix Corp.*, 823 F.2d 945, 947 (6th Cir.1987) (noting that the 300–day limitations period set forth in 29 U.S.C. § 626(d)(2) applies to claims by plaintiffs in Michigan because the state has adopted its own law forbidding age discrimination).

Although Lyles did not raise the argument with respect to his Title VII race discrimination claim, he contends in response to the instant motion that his ADEA claim is saved by the doctrine of equitable tolling. It is now well-settled that the doctrine of equitable tolling applies to claims brought under the ADEA. *See Wright v. Tennessee*, 628 F.2d 949, 953 (6th Cir.1980); *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990). The equitable tolling doctrine "permits a plaintiff to avoid the bar of the statute of limitations if despite all due diligence he is unable to obtain vital information

bearing on the existence of his claim." *Cada,* 920 F.2d at 451.

■ In *Wright,* the Sixth Circuit overruled several of its earlier decisions in which it had held that the statute of limitations under the ADEA was jurisdictional. *See Wright,* 628 F.2d at 953. The court held that "while giving the Secretary of Labor at least 60 days notice [pursuant to 29 U.S.C. § 626] is a jurisdictional prerequisite, the time of filing this notice is not jurisdictional." *Id.* The court also found that in light of its ruling, the plaintiff's arguments for equitable tolling should be considered by the district court on remand. In remanding the case, the court approved the factors identified by the court in *Abbott v. Moore Business Forms, Inc.,* 439 F.Supp. 643 (D.N.H.1977) (mem. op.) as proper deciding equitable tolling arguments. *See Wright,* 628 F.2d at 953. The *Abbott* factors are: (1) whether the plaintiff lacked actual notice of the filing requirement; (2) whether the plaintiff lacked constructive knowledge, i.e., where his attorney should have known; (3) whether the plaintiff was diligent in pursuing his rights; (4) whether the defendant would be prejudiced if the statute was tolled; and (5) the reasonableness of the plaintiff's ignorance of his rights. *See Abbott,* 439 F.Supp. at 646.

■ Lyles argues that the *Abbott* factors, as applied to his circumstances, support the application of equitable tolling. However, the arguments Lyles advances do not present unique circumstances, such as being abandoned by his attorney due to his attorney's mental illness. *See Cantrell v. Knoxville Community Dev. Corp.,* 60 F.3d 1177, 1180 (6th Cir.1995). Distilled to its most basic essence, Lyles' argument is really that he was ignorant of the law. The Sixth Circuit rejected a similar argument for equitable tolling in *Rose v. Dole,* 945 F.2d 1331 (6th Cir.1991) (per curiam). In *Rose,* the plaintiff argued that the thirty-day limitations period for filing his discriminatory discharge complaint under the Energy Reorganization Act should be equitably tolled based upon the *Abbott* factors. The plaintiff argued that he did not become aware of his rights until he consulted with an attorney 54 days after the filing deadline expired. *See id.* at 1335–36.

In rejecting equitable tolling, the court stated:

> Rose has presented no evidence to suggest that he was prevented from investigating his rights within the statutory period.... [H]e was not later made aware of any new facts which he was not previously aware of with regard to his firing. Basically, Rose's arguments boil down to the fact that he did not know about his statutory rights until he saw an attorney after the expiration of the limitations period. Absent a showing that he was somehow deterred from seeking legal advice by his employer, this is simply not enough to warrant equitable tolling.

*Id.* at 1336 (citation omitted). *See also LaCroix v. Detroit Edison Co.,* 964 F.Supp. 1144, 1149 (E.D.Mich.1996) (citing *Rose* and rejecting the plaintiff's argument for equitable tolling until the date she spoke to an attorney almost two years after the filing deadline for her ADEA claim).

Lyles' arguments for equitable tolling are no more convincing than those made by the plaintiffs in *Rose* and *LaCroix.* Lyles does not contend that Defendants somehow prevented him from investigating his rights or consulting an attorney to obtain legal advice, nor does he suggest that he became aware of facts showing discrimination only after the filing period expired. Therefore, for the reasons stated in *Rose,* equitable tolling is not warranted in this case.

## II. Section 1983 and 1981 Claims

### A. Section 1983 Claim

Defendants contend that Lyles' § 1983 claim should be dismissed because he has not pled a violation of his constitutional rights. Defendants cite *Paskvan v. City of Cleveland Civil Service Commission,* 946 F.2d 1233 (6th Cir.1991), in which the Sixth Circuit held that the plaintiff could not sustain his § 1983 claim of failure to promote based upon race because a promotion constitutes neither a liberty interest or substantive due process right. *See id.* at 1235–36. On the basis of that holding, Defendants would be entitled to dismissal of Lyles' § 1983 claim. However, Lyles submits that *Paskvan* actually sup-

ports his claim because the court went on to find that the plaintiff had alleged sufficient facts to support a claim for deprivation of procedural due process under an implied or mutually explicit understanding "by reason of [the defendant's] alleged practice of waiving its right to choose among a group of three qualified eligibles and proceed on the basis of test grade rank." *Id.* at 1236. Lyles argues in the instant case that despite Defendants' explicit requirement that persons holding the Substance Abuse Specialist position possess a bachelors degree, because he was performing duties beyond those required for his job description, there was "a mutual understanding that he was to be given the official title and benefits commensurate with his work." (Pl.'s Resp.Br. at 7.)

■ Lyles' argument fails for two reasons. First, unlike the plaintiff in *Paskvan,* Lyles has not alleged any facts in his First Amended Complaint that would support a procedural due process claim based upon mutual understanding arising from Defendants' past conduct or practices. Lyles has alleged no facts that show a mutual understanding that he would be entitled to a promotion even though he did not hold a bachelors degree. In fact, Lyles did not even allege the specific Constitutional right, such as due process or equal protection, upon which he bases his claim.

Second, the evidence cited by Lyles in his brief and at oral argument does not support his claim that a mutual understanding existed. At oral argument, Lyles' counsel referenced a posting which described four separate positions, including the position of Relief Client Services Specialist. (*See* 1st Am. Compl. Ex. B.) The Relief Client Services Specialist description stated that the requirements included a bachelor's degree in "Social Work, Psychology or a closely related field" and "[o]ne year of professional experience with the assigned population," but provided that CIE may, "[o]n a case by case basis[,][ ] assess and consider individuals with two years of paraprofessional experience with the assigned population." (*Id.*) This evidence does not support Lyles' claim because Lyles sought reclassification to the full-time position of Substance Abuse Specialist, not the

part-time position of Relief Client Services Specialist, and the job description was created two years after Lyles sought reclassification and sometime after Lyles filed the instant suit. In addition, apart from the fact that Lyles has not shown how the description for the Relief Client Services Specialist position is relevant to the Substance Abuse Specialist position, the language that Lyles relies on to suggest that CIE may waive the bachelor's degree requirement does not support his position; rather, it relates to the level of experience required for the position, not the educational requirements. Lyles himself, who testified under oath at the hearing, was unable to identify any other person for whom CIE has waived the bachelor's degree requirement for the Substance Abuse Specialist position.

Lyles' counsel also cited written comments made by the Supervisor/Program Director, Ed Oxer, Ph.D., and the Reclassification Committee in his Request For Reclassification form as support for his assertion that Defendants have acknowledged that he was performing duties of the Substance Abuse Specialist position. (*See* Request For Reclassification § 3 at ¶ 1; § 4 at ¶ 3, Pl.'s Mem. Supp. 1st Am. Compl. Ex. C.) However, this evidence does not show that Lyles was performing duties outside of his position, as Dr. Oxer only observed that Lyles' held a paraprofessional position and that "[c]hanging the classification would change the mix and over professionalize the program," and the Classification Committee unanimously found that Lyles was working within his job classification. (*Id.* § 3 at ¶ 1; § 4 at ¶¶ 1, 2.) Moreover, even if Defendants found that Lyles was in fact working outside of his job classification, such evidence would still be insufficient to show that Defendants had a policy or practice of waiving the bachelor's degree requirement for other persons in the Substance Abuse Specialist position, regardless of color.

■ At oral argument, Lyles' counsel argued that summary judgment should not be granted because discovery might provide evidence that Defendants had a policy of waiving the education requirement for other positions within the organization. Rule 56(f) of

the Federal Rules of Civil Procedure permits a non-moving party faced with a summary judgment motion to show by affidavit that discovery not yet obtained will permit the party to oppose the motion for summary judgment. *See* Fed.R.Civ.P. 56(f). However, Lyles' counsel has not filed a Rule 56(f) affidavit nor has he otherwise described the specific discovery needed and explained why it would be relevant in his opposition of the motion. Lyles has had the opportunity for at least two months to serve interrogatories or depose witnesses whose testimony he deems necessary to oppose the motion. "[A] party cannot avoid summary judgment on the basis of nebulous assertions." *Gordon v. Barnes Pumps, Inc.*, 999 F.2d 133, 138 (6th Cir. 1993). Thus, the Court finds that Lyles has failed to meet his burden under Rule 56.

**B. Section 1981 Claim**

■ Lyles also asserts a claim of discrimination under 42 U.S.C. § 1981, which provides that "[a]ll persons ... shall have the same right ... to the full and equal benefit of all laws and proceedings ... as is enjoyed by white citizens...." 42 U.S.C. § 1981. The *McDonnell Douglas* framework for establishing a prima facie case of discrimination is applicable to § 1981 claims. *See Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582–83 (6th Cir.1992). To establish a prima facie case, a plaintiff must show: (1) membership in the protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that the position was filled by a person not of the protected class or the position remained open. *See id.*

■ Defendants are entitled to summary judgment on Lyles' claim because, as noted above, Lyles cannot show that he was qualified for the Substance Abuse Specialist position because he did not hold a bachelor's degree, which was a requirement of the job. (*See* Gill Aff. ¶ 5, Defs.' Br.Supp. (1st) Ex. 1.) Lyles does not dispute that a bachelor's degree was required for the position and, as the

Court has already found, has not shown that Defendants had a policy of waiving the bachelor's degree requirement for the Substance Abuse Specialist position for any person, regardless of race. Therefore, Defendants are entitled to summary judgment on Lyles § 1981 claim.[2]

**III. Elliott–Larsen Act Claims**

Although Defendants have not moved for dismissal or summary judgment with respect to Lyles' Elliott–Larsen Act claims, the Court will grant summary judgment to Defendants on those claims because Lyles must also prove that he was qualified for the Substance Abuse Specialist position in order to establish a *prima facie* case under the Elliott–Larsen Act. *See Clark v. Uniroyal Corp.*, 119 Mich.App. 820, 824–25, 327 N.W.2d 372, 374 (1982) (per curiam). The Sixth Circuit has said that "[w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir.1996). However, because Lyles' Elliott–Larsen claims require the same elements as his § 1981 claim, the balance of considerations, including judicial economy, favor the Court's exercise of jurisdiction over the claims. Therefore, Defendants will also be granted summary judgment on the Elliott–Larsen Act claims.

### *Conclusion*

For the foregoing reasons, the Court will grant summary judgment to Defendants on all of Lyles' claims under 42 U.S.C. §§ 1981 and 1983, the ADEA, and the Elliott–Larsen Act.

---

**2.** Defendants also assert that they are entitled to summary judgment on the § 1981 claim because Mike Dinkens, an African–American, holds a Substance Abuse Specialist position. However, it is not clear from the record whether Dinkens holds the position which Lyles sought, or whether a second position was available and remained open. Therefore, due to this uncertainty, the § 1981 claim will not be dismissed on the basis that the position was filled by a minority.