**Mario D'AMICO, Plaintiff–Appellant,**

v.

**CITY OF STRONGSVILLE, OHIO, Defendant–Appellee.**

No. 01–3901.

United States Court of Appeals, Sixth Circuit.

Feb. 24, 2003.

Before MARTIN, Chief Circuit Judge, MERRITT and LAY, Circuit Judges.*

PER CURIAM.

Mario D'Amico appeals the district court's grant of summary judgment to the City of Strongsville. He claims violations of 42 U.S.C. § 1983 and his right to procedural due process under the Fourteenth Amendment to the United States Constitution, arising from a failure of the City of Strongsville to promote him within the Strongsville Fire Department. For the following reasons, we AFFIRM the judgment of the district court.

In November of 1998, the City of Strongsville notified its Civil Service Com-

* The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

mission that it wanted to promote three people within the fire department to new captain positions. The may or of Strongsville, Walter Ernfelt, as appointing authority for the City, posted notification of the examination necessary to compete for the promotion. The posting occurred on November 23, and the test was administered as scheduled on February 6, 1999. On March 13, in accordance with Civil Service Commission procedures, an oral examination and interview followed. On May 3, Ernfelt requested an eligibility list from the Civil Service Commission, a list of those candidates with the highest combined scores. According to the City Charter, that list should have included the seven names of candidates with the seven highest combined scores.

On May 28, Ernfelt and Fire Chief Paul Haney interviewed each eligible candidate. The Mayor particularly liked candidates Janiak, Higginbotham, and Bakley. While Janiak and Higginbotham were the two highest scorers on the combined ranking, D'Amico was third. Bakley ranked behind D'Amico, the appellant in this action.

Mario D'Amico is a forty-seven year-old lieutenant in the Strongsville Fire Department. He has twenty-five years experience, and he has been employed by the Strongsville Fire Department since January of 1980. The Mayor reported that he chose Bakley over D'Amico because Bakley had more experience and training than D'Amico. Bakley had a bachelor's degree, while D'Amico had only an associate's degree. Bakley had paramedic certification and paramedic instructor certification, as opposed to D'Amico's training as an emergency medical technician. Bakley also has HAZMAT training, and the Mayor had an opportunity to observe Bakley at a major toxic spill in town. Finally, Ernfelt reported that he did not feel D'Amico was "a team player" and that D'Amico had refused leadership positions in the past.

This court reviews a grant of summary judgment de novo. *Miller v. Fidelity Security Life Insurance Company*, 294 F.3d 762, 764 (6th Cir.2002). Summary judgment is appropriate where "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c).

D'Amico's claim is under 42 U.S.C. § 1983 for procedural due process violations. The rule in the Sixth Circuit, as articulated by *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir.1991) (internal citations omitted), states,

> In this Circuit, then, a § 1983 plaintiff may prevail on a procedural due process claim by either (1) demonstrating that he is deprived of property as a result of established state procedure that itself violates due process rights; or (2) by proving that the defendants deprived him of property pursuant to a "random and unauthorized act" and that available state remedies would not adequately compensate for the loss.

We do not believe that D'Amico has satisfied either of these two elements of the cause of action. D'Amico must prove that he was deprived of a property right by the City of Strongsville's promotion process itself or that Ernfelt acted in a random and unauthorized way. If D'Amico does believe that Ernfelt acted arbitrarily, then he needs to prove his remedies were inadequate.

Thus D'Amico's argument must go to the process that denied him the promotion. The underlying question in this case, Strongsville says, is more basic. "To state a claim under section 1983, a plaintiff must show two things: (1) that the defendant acted under color of state law, and (2) that the defendant deprived the plaintiff of a federal right, either statutory or constitutional." *Bacon v. Patera*, 772 F.2d 259,

263 (6th Cir.1985), *citing Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). While Ernfelt and the rest of the City of Strongsville unquestionably acted under color of state law, the City claims D'Amico has failed to assert a protected statutory or constitutional right on which to ground his claim.

The Supreme Court has said, "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Supreme Court went on to say. "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law— rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.*

In the case of D'Amico, that right would have to arise from the promotion process. This court has said, however, "If an official has unconstrained discretion to deny the benefit, a prospective recipient of that benefit can establish no more than a 'unilateral expectation' to it." *Med Corp., Inc. v. City of Lima,* 296 F.3d 404, 410 (6th Cir. 2002). While the appointing authority's discretion is not unfettered, he does have discretion to choose the best candidate among those certified to him, and it would appear that the only right to which D'Amico is entitled is not the promotion but to be considered for the promotion. "[T]his case involves the right to a promotion not a deprivation of continued employment. Generally, no property interest exists in a procedure itself." *Facer v. City of Toledo,* 94 Ohio Misc.2d 1, 702 N.E.2d 1267, 1273 (1998). Section 1983 and the Fourteenth Amendment do not provide a cognizable remedy to claimants who merely allege they have failed to receive a job promotion. *Shirokey v. Marth,* 63 Ohio St.3d 113, 585 N.E.2d 407 (1992).

This court went on, in *Med Corp.,* to say the relationship between the hiring authority and the candidate "must contain 'mutually explicit' understandings that establish an 'entitlement' to receive the benefit." 296 F.3d at 410–411. In contrast to the case at hand, in *Paskvan v. City of Cleveland Civil Service Commission,* 946 F.2d 1233, 1235–1236 (6th Cir.1991), the passed-over candidate argued that "the City ha[d] created a property interest in promotion in order of rank on the eligibility list as evidenced in its past practice of always promoting in that manner." This court found the candidate's argument unpersuasive on his facts, but D'Amico does not even make this argument, nor does he argue that he was contractually entitled to promotion. He merely argues that he would have had a property interest in his promotion had the City followed the proper procedures. hence his procedural due process claim.

Moreover, D'Amico has not shown that the state remedies available to him are insufficient. *See Hudson v. Palmer,* 468 U.S. 517, 533–36, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984). The Ohio Supreme Court said in *Cooperman v. Univ. Surgical Assoc., Inc.,* 32 Ohio St.3d 191, 199–200, 513 N.E.2d 288 (1987),

> Where the right asserted is a constitutional right, federal courts have accorded different treatment, under Section 1983, to different rights. Where the right deprived under color of state law is a substantive right—for example, the First Amendment guarantee of free speech or the Fourth Amendment prohibition against unreasonable searches—a Section 1983 suit is always available regardless of supplemental state remedies.

Where, however, the claim asserted rests on the deprivation of a property interest alone, the constitutional right invoked is the procedural due process right to notice and hearing. The constitutional infringement under the Fourteenth Amendment is not the deprivation of a property interest per se, but is instead the manner by which the property is taken.

The United States Supreme Court articulated the requirement in this way, "The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process." *Zinermon v. Burch*, 494 U.S. 113, 125, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990). Therefore, the Court went on, "to determine whether a constitutional violation has occurred. it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Id.*

As we specified in a similar case against Cleveland Heights, Ohio, the candidate was not deprived of due process, because he had access to a panoply of remedies for his complaint:

> postdeprivation statutory and common-law remedies which would satisfy due process requirements.... Specifically, [the candidate] could have brought a declaratory judgment action in order to determine his rights to the promotion under the city's civil service rules and charter. Also, he could have filed a request for an investigation and hearing with the civil service commission.... Furthermore, ... [he] had the common-law remedy of breach of contract available to him. Finally, among the various options available to [him] was a petition for a writ of mandamus claiming he had no adequate remedy in the ordinary course of law to protect his interest in the job promotion.

*Shirokey*, 585 N.E.2d at 413–14. D'Amico did not pursue any of these steps. We find that D'Amico had ample and adequate state remedies available, and as a result, his claim fails.

For the foregoing reasons, we AFFIRM the judgment of the district court, granting summary judgment to the City of Strongsville.